LOVE et al. v. BARRON.

(In Banc. Dec. 22, 1944. Suggestion of Error and Motion to Correct Record Overruled Feb. 12, 1945.)

[20 So. (2d) 97. No. 35742.]

J. M. Morse, of Poplarville, for appellants.

Hathorn & Hathorn, of Hattiesburg, for appellee.

234

Argued orally by **J. M. Morse**, for appellants, and by **F. C. Hathorn**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Bill was filed by appellants to cancel as a cloud upon their title to certain lands in Lamar County a certain tax patent issued by the state to appellee. The cause was heard upon answer and the bill dismissed. The testimony which was chiefly documentary discloses no factual issues and is therefore not discussed.

The lands involved are described as "The West-half of the SE¼ and all that part of the S½ of SW¼ lying East of the Public Road known as the U. S. Highway No. 11 often referred to as the Jackson Highway, all in Section 4 Township 3 North Range 14 West." The complainants deraigned title from the Government and set out the sale thereof to the state for delinquent taxes in April, 1932, for the taxes due the preceding year. The property was part of a larger tract of contiguous lands which were separately assessed in three parts to Scanlan and Semmes, and the list of such sales certified to the state shows that there were three separate sales thereof to the several portions, such sales being numbered 4136, 711 and 4210, respectively. It was thus sufficiently shown that the applicable statute, Code 1930, sec. 3249, was not followed and that the sale was void. Leavenworth v. Claughton (Miss.), 19 So. (2d) 815. It is not seriously contended that there was sufficient actual occupancy by the patentee to invoke Code 1930, section 2288. See Cox v. Richerson, 186 Miss. 576, 191 So. 99, 124 A. L. R. 1138; Grant v. Montgomery, 193 Miss. 175, 5 So. (2d) 491; Smith v. Anderson, 193 Miss. 161, 8 So. (2d) 251.

Appellee contends, however, that it was incumbent upon the appellants as complainants in the court below to show and recover, if at all, upon the strength of their own title, and that it was shown by the defendant's testimony that one link in the chain of title was an invalid trustee's deed. The alleged infirmity was sought to be shown by the provisions of a foreclosed deed in trust, whereby deferred installments were subject to the right of acceleration which had been exercised and which, because of a prior abortive attempt to foreclose, where not properly so foreclosed until after bar by limitations. Such alleged facts would not render the trustee's deed void but at most voidable only, and upon an affirmative defense by a party thereto. The deraignment showed that the trustee's deed "passed title in form at least" to Scanlan and Semmes, appellants' predecessors in title, and the appellee as a

third party is not in a position to raise the point. House v. Gumble & Co., 78 Miss. 259, 29 So. 71; Reliance Inv. Company v. Johnson, 188 Miss. 227, 193 So. 630, 194 So. 749.·

We are of the opinion, therefore, that the learned chancellor was in error in dismissing complainants' bill, and that the decree must be reversed and entered here awarding appellant the relief prayed for. In view of the necessity for stating an account between the parties for taxes paid on said lands in the interim by appellee and for such purpose only, the cause is remanded.

Reversed and remanded.

### On Suggestion of Error.

**Roberds, J.,** delivered the opinion of the court on suggestion of error and motion to correct record.

The original opinion, referring to the number of sales, said "such sales being numbered 4136, 711 and 4210 respectively." The record did show these numbers under the heading "No. of Sale." The court was, therefore, justified in the use of that expression. Appellee, in this combination suggestion of error and motion to correct the record, says these were in fact tax receipt, and not tax sale, numbers, and asks permission to now file and make a part of the appeal record certified photostatic copies of the land assessment rolls, tax receipts, and the record and list of lands sold to the state, relating to the tax sales here in question. The opinion made reference to these numbers merely as evidence of the fact that the lands were offered and sold in more than one sale. The documents now asked to be made a part of the record in no wise disprove that fact. On the contrary, so far as they are evidence, they rather support that fact. In addition, there was no issue in the lower court and none here as to whether there was more than one sale. The bill charged, and the answer frankly ·admitted, that the lands were

contiguous and adjacent, constituted one tract, were assessed to the same owner, and were not offered and sold as a unit at one sale. The case was tried below and has been argued here on that assumption. The contest has been on other issues. Appellant does not now assert there was only one sale. Some of the documents now offered are already in the record, and those offered which are not in the record would not alter the fact that there was more than one sale. It would be useless to sustain the motion.

The suggestion of error assumes that the incorporation into the record of the tendered documents would necessarily produce a different result from that reached in the original opinion. That is not correct. Therefore, the motion and suggestion of error are both overruled.

Overruled.