SPEARMAN, et al. *v.* HUSSEY, et al.

Division B.  Feb, 12, 1951.

No. 37741 (50 So. (2d) 610)

Noel Monaghan, C. R. Bolton, and James A. Finley, for appellants.

**S. P. Clayton, Guy Mitchell, Sr. & Jr.,** and **W. A. Blair,** for appellees.

**Arrington, C.**

Thomas Madison Hussey, Jr., filed a bill of complaint on July 19, 1946, in the Chancery Court of Lee County, Mississippi, for himself and, as next friend, for his brothers and sisters, Margaret Holt Hussey, Mary Fay Hussey, Elizabeth Jane Hussey, Carl Robert Hussey, John Cristopher Hussey, and Samuel Wayne Hussey, who were minors, against Owen Spearman, W. C. Inzer, and Owen Wilburn.

This suit was for the purpose of establishing the right of complainants to the fee simple title to lands described

in the bill of complaint, subject to life estate of defendants, appellants herein; to cancel any claim of defendants to the fee simple title, and to establish complainants' right to redeem from various tax sales, it being the contention of the complainants that the only title that defendants and their predecessors in title ever acquired was the life estate of Thomas M. Hussey, who is also known as Thomas M. Hussey, Sr., the father of the complainants, and that the life tenants had acquired no title through various tax sales, as it was the duty of the life tenants to pay the taxes on the lands. Part of the land described in the bill was in Lee County, and part in Itawamba County. It was also the contention of complainants that the defendants were not entitled to any allowance for permanent improvements erected on the lands because they had notice that Thomas M. Hussey, their father through whom they acquired title, was the owner of a life estate only.

It was the contention of the defendants that they were innocent purchasers for value without notice, as they claimed not to have had notice, either actual or constructive, that Thomas M. Hussey, their successor in title only had a life estate in said lands; that the deed to Thomas M. Hussey from his father, C. C. Hussey, which will be set out hereinafter, through which deed complainants claim that Thomas M. Hussey had acquired a life estate only, was void; that they and their predecessors in title had been in possession since a foreclosure of a deed of trust, executed by Thomas M. Hussey claiming the fee simple title, and had acquired title by adverse possession; that they were not liable as life tenants to pay taxes; that they acquired title through outstanding tax titles; and claimed, in any event, that complainants were liable for permanent improvements that had been placed on the lands by them.

The facts of this case are as follows: On November 16, 1915, C. C. Hussey, father of Thomas M. Hussey, conveyed to Thomas M. Hussey, who was then a minor, dur-

ing his natural life, the land situated in Lee and Itawamba Counties involved in this controversy, and at his death to the children of his body, if any, and in case of default of children at his death, then to revert to his heirs at law. C. C. Hussey reserved unto himself the exclusive use, occupation, rents, and profits from said land during his natural life, and the deed recited further, "This deed goes into effect January 1st, 1917, after all my indebtedness is paid". At the same time he executed similar deeds conveying other lands to his other children. This deed to Thomas M. Hussey was of record in Lee County, but was not of record in Itawamba County.

On the same day C. C. Hussey executed a will disposing of lands not conveyed by the deeds to his children. C. C. Hussey died on November 30, 1915, and his will was filed for probate in Lee County, in which County C. C. Hussey resided at the time of his death.

On April 18, 1917 a decree was rendered in the Chancery Court of Lee County admitting the will of C. C. Hussey to probate in solemn form. It was ordered, adjudged, and decreed by the court in this decree that the deeds executed by C. C. Hussey to his various children, being referred to in said decree by book and page of the deed records of Lee County, Mississippi, were legal and binding on all of the parties to the cause, and said decree adjudicated that "at the time of the making of said deeds said decedent actually delivered the same to the grantees therein, intending that the same become effective and absolute from the date of such delivery; and it further appearing that the estate conveyed by each and all of said deeds to the grantees therein was an estate for life of the grantees with remainder in fee to the children of his or her body living at the time of the death of such life tenant and in default of such children, then in fee to the heirs at law of said decedent; and it appearing to the court that said deeds are valid under the law and were delivered and became effective before the death of said decedent." It was

further ordered by the court that this decree be recorded on the deed records of Lee County, and a certified copy be sent to the clerk of court of Itawamba County, Mississippi, to be recorded on the deed records of that county. Thomas M. Hussey, who was then a minor, was represented in this cause by C. C. Hussey, Jr., guardian. The decree was recorded in both Lee and Itawamba Counties, although it was not indexed on the general index of Itawamba County under the names of C. C. Hussey, Sr., or Thomas M. Hussey. No appeal was taken from this decree.

On April 24, 1925, Thomas M. Hussey and wife executed a deed of trust to the Bank of Tupelo, giving as security their "entire right, title, and interest" in and to the lands involved in this controversy. Thereafter there was litigation between the said Thomas M. Hussey and the Bank of Tupelo, and a consent decree was entered in this cause on April 19, 1927. On November 7, 1927, the Bank of Tupelo, in accordance with said decree, executed a quitclaim deed to Thomas M. Hussey. On November 3, 1927, Thomas M. Hussey, in order to raise funds to pay the Bank of Tupelo, executed a deed of trust on all of the lands involved in this controversy to one A. L. Brown. This transaction was handled by J. M. Brown, an attorney, in Itawamba County. This deed of trust was foreclosed, and J. M. Brown became the purchaser. Appellants herein are successors in title to J. M. Brown, the purchaser at the foreclosure sale. After taking possession under the deed of trust, J. M. Brown subsequently cleared up all outstanding tax titles.

The lower court found that the deed dated November 16, 1915, from C. C. Hussey, Sr. to Thomas M. Hussey, for and during his natural life was a valid deed by virtue of the decree of the Chancery Court of Lee County, Mississippi, and created a life estate in the land described in the original bill of complaint in Thomas M. Hussey, and vested the remainder in fee in the children of said Thomas M. Hussey; that at the time of the purchase

of the land at the foreclosure sale by J. M. Brown, the predecessor in title of the defendants, that the interest of Thomas M. Hussey therein was as owner of the life estate, and that the said J. M. Brown and his successors in title succeeded the owner of the said life estate therein during the life of the said Thomas M. Hussey, and that the complainants, appellees herein, were the presumptive owners of the remainder in said lands in fee simple, and were entitled to the possession thereof after the death of Thomas M. Hussey; that appellants and their predecessors in title were purchasers without actual notice, but were charged with constructive notice of the records of Lee and Itawamba Counties; that defendants and predecessors in title had held said lands adversely to all persons for more than ten years before the filing of this suit, but that the complainants were all minors during said period of time and also remaindermen after the life estate of Thomas M. Hussey, and adverse possession did not affect the interest of said complainants in the lands. This decree cancelled all claim of the defendants and their predecessors in title to an estate in said lands after the death of Thomas M. Hussey as a cloud upon the title of complainants to the remainder interest in said land. It was further held that complainants were entitled to redeem said lands on account of being minors from all tax sales in Itawamba and Lee Counties; that although the complainants were not liable to pay said taxes because it was the duty of the life tenants to pay same that the complainants had the right to redeem; that permanent improvements had been placed on said lands by two of the defendants, Owen Spearman and Owen Wilburn, and their claims for same were rejected and disallowed.

The decree of the Chancery Court of Lee County, Mississippi, dated April 18, 1917, admitting the will of C. C. Hussey to probate and adjudicating that the deeds from C. C. Hussey to his children were legal and binding, and that their interest in lands deeded

to them was a life estate, is res judicata as to the validity of the deed from C. C. Hussey to his son, Thomas M. Hussey, and as to Thomas M. Hussey's interest in said lands being a life estate only.

██ ██ The decree of the Chancery Court above referred to, adjudicating the deed to be valid, and adjudicating Thomas M. Hussey's interest in said lands to be a life estate, gave the book and page of the deed records of Lee County where the deed from C. C. Hussey to Thomas M. Hussey was recorded. If this reference had been consulted it would have yielded a complete description of the lands. This decree was of record in both Lee and Itawamba Counties and constituted constructive notice. It is immaterial that it is not indexed in Itawamba County under the name of C. C. Hussey or Thomas M. Hussey. Notice began the moment the decree was lodged with the Chancery Clerk of Itawamba County for recording. Sowell v. Rankin, 120 Miss. 458, 82 So. 317.

██ ██ Defendants and their predecessors in title succeeded the owner of the life estate in said lands during the life of Thomas M. Hussey. Although there were no words of limitation in the deed of trust, J. M. Brown and his successors acquired through the foreclosure only the interest of Thomas M. Hussey, which was a life estate. J. M. Brown took such interest as mortgagor owned. Lee v. Magnolia Bank, 207 Miss. 327, 42 So. (2d) 229; Gaston v. Mitchell, 192 Miss. 452, 4 So. (2d) 892, 6 So. (2d) 318.

██ ██ Complainants attacked the validity of this foreclosure. Complainants, as third parties, were not in position to raise this point. Love v. Barron, 197 Miss. 231, 20 So. (2d) 97, 841. J. M. Brown went into possession through the foreclosure. It had never been attacked by Thomas M. Hussey, mortgagor. He was not a party to this suit, and J. M. Brown and his successors have been in possession for more than ten years, and their title, as against the interest of Thomas M. Hussey, has

been perfected by adverse possession, although their possession has no effect whatsoever against the minors and remaindermen.

■■ At the time of the acquisition by J. M. Brown of the interest of the purchasers at the various tax sales, he was in possession of the lands under the foreclosure of the deed of trust executed by Thomas M. Hussey, and as successor to the interest of Thomas M. Hussey, life tenant, could not acquire tax title as against the remaindermen, it being his duty as life tenant to pay the taxes. 33 Am. Jur., Sec. 433, pp. 956-958. When J. M. Brown acquired the interest of the purchasers at the various tax sales, he acquired not only for himself but for the benefit of the remaindermen. In the case of Pool v. Ellis, 64 Miss. 555, 1 So. 725, it was held that the purchaser at an administrator's sale, who went into possession of the land before confirmation of the sale and used and occupied it, could not acquire a tax title thereto because the purchase by him of the land at the tax sale was treated as a common charge made for the benefit of the whole estate. It is immaterial whether the foreclosure was valid or not as J. M. Brown entered into possession and was using and occupying the land under the foreclosure at the time he purchased outstanding tax titles. It was held in the case of Pool v. Ellis, supra, that it was immaterial whether the sale of the land for taxes was valid or void, since the appellant by reason of his relation to the land could not assert the title thus acquired against the heirs at law. Although it is not necessary that complainants redeem from the tax sale, the offer to redeem having been made within the period of time allowed by statute after a minor reaches the age of twenty-one years, the lower court was correct in holding that the complainants had the right to redeem.

With reference to the claim by defendants, Owen Spearman and Owen Wilburn, for permanent improvements, J. M. Brown testified that Thomas M. Hussey told him he acquired the lands through the will of his father, and

that the will was of record in Lee County, Mississippi. ██ █ When one has actual knowledge of such facts as would put a man on inquiry, it becomes his duty to make inquiry. 39 Am. Jur., Sec. 12, pp. 238 to 241. In the case of Stewart v. Matheny, 66 Miss. 21, 5 So. 387, the Court said: "But ██ █ the purchaser of land must be conclusively presumed to know what appears on the face of the title papers under which he claims, and this presumption cannot be rebutted or explained away. He must take notice of his title as being a life-estate or a fee, where that title is plainly disclosed by the records assessable to him, and not to examine which, ordinarily, would be gross negligence." In this case the Court held that the defendants were not entitled to compensation for improvements.

In Deanes v. Whitfield, 107 Miss. 273, 65 So. 246, 247, the Court said: "It seems to be the settled law in this state that compensation for improvements is applicable only where there can be a demand for mesne profits, and that ██ █ improvements put upon land by the life tenant pass to the remainderman, and that, as the life tenant is not liable for rents, he is not entitled to compensation for improvements made during the existence of his estate."

The case of Brunt v. McLaurin, 178 Miss. 86, 172 So. 309, has no application to this case as complainants therein were tenants in common, and not remaindermen, and as tenants in common could have made demand for their pro rata share of mesne profits from the occupant of the land.

The court below referred to the complainants as "presumptive remaindermen". It is not known who will be the remaindermen at the time of the death of Thomas M. Hussey. In any event, appellants cannot complain, and in our opinion the court was correct in cancelling all claims of defendants to the lands after the death of Thomas M. Hussey, and holding that the lands, at the death of Thomas M. Hussey will pass to the remainder-

men, free of any claims for permanent improvements erected upon the lands.

From the foregoing, it follows that the judgment of the court below will be affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.