STEPHENS et al. *v.* MOORE, et al.

June 9, 1952.

No. 38421 (59 So. (2d) 346)

Satterfield, Ewing, Williams & Shell, for appellants.

762

766

768

**Sanford & Alford**, for appellees.

**McGehee, C. J.**

On this appeal we are asked to review the action of the circuit court in commuting into a lump sum payment an award made by the Workmen's Compensation Commission, payable in installments, to Fannie Billups Moore, the dependent mother of a deceased employee of the appellant E. W. Stephens, and in making an award, which had been denied in the order of the Commission, to Lorene Triplett Billups, the alleged wife of the deceased employee.

The employee, John T. Billups, was accidentally killed in the course of his employment while working for the appellant E. W. Stephens on January 18, 1950.

Therefore, the two claims in question are governed by Chapter 354, Laws of 1948, instead of Chapter 412, Laws of 1950, amendatory thereof, which was not approved until April 6, 1950, after the death of the said employee.

Other alleged wives of the employee were claimants of the death benefit, but only the employer and his insurance carrier have prosecuted an appeal from the above-mentioned judgment of the circuit court.

The provision of subsection (j) of Section 13, Chapter 412, Laws of 1950, to the effect that "The commission shall be the sole judge as to whether or not a lump sum payment shall be to the best interest of the injured worker or his dependents", is not contained in Chapter 354, Laws of 1948. In construing the original Workmen's Compensation Act, Chapter 354, Laws of 1948, in the case of United States Fidelity & Guaranty Co. v. Smith, 211 Miss. 573, 52 So. (2d) 351, where the Commission had disallowed a claim entirely, we affirmed the action of the circuit court in the allowance thereof and in commuting into a lump-sum payment the award of the death benefit, the right of the circuit court to order the award made by it paid in a lump sum not having been questioned on that appeal.

However, in the instant case the mother of the deceased employee did not appeal from the award made her by the Commission, payable in installments as aforesaid. The employer and his insurance carrier appealed to the circuit court only from the act of the Commission in making this award, but they filed a motion therein to dismiss their appeal. However, the reputed wife, Lorene Triplett Billups, whose claim for any death benefit had been denied by the Commission, was present to prosecute her appeal in the circuit court.

The employer and the insurance carrier had the right to refrain from prosecuting their appeal to the circuit court and to dismiss the same as to the award made by the Commission to the dependent mother, but without prejudice to the right of such court to make an allowance

of attorneys' fees, as provided for under Section 26, Chapter 354, Laws of 1948, and the question then arises as to whether or not the circuit court had the right to hear evidence as to whether or not this award to the dependent mother of the deceased employee should be wholly computed into a lump sum payment. We think not. Section 20 of Chapter 354, Laws of 1948, which governs in this case, as well as said Section in Chapter 412, Laws of 1950, expressly provides that: "Appeals shall be considered only upon the record as made before the commission. * * * The circuit court shall review all questions of law and of fact. * * * If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered. * * *" This, of course, presupposes that the error appears from the record. In the instant case there was nothing in the record to indicate error on the part of the Commission in not commuting the award into a lump-sum payment.

On the second issue, Lorene Triplett Billups, the reputed widow of the deceased employee, and two of his other alleged wives appealed to the circuit court from an order of the Commission, denying their claims, and the order of the Commission was reversed only to the extent that it had disallowed the claim of the said Lorene Triplett Billups.

The decedent, John T. Billups, celebrated a ceremonial marriage with Amy (Annie) Patrick on February 1, 1926. He celebrated another such marriage with Mae Ettie Turner on May 12, 1934, and one with Willie Flora Earnest on May 1, 1936, one with Lorene Triplett on June 27, 1942, again on December 3, 1946, and again on October 6, 1948.

John and his first wife, Amy, lived together only a short time before they finally separated, and neither of them then obtained a divorce. His second wife, Mae Ettie Turner, died at some time between 1934 and 1936. His third wife, Willie Flora Earnest, separated from

him, obtained a divorce, and remarried. She appeared at one of the hearings prior to the appeal to the circuit court and disclaimed any interest in the subject matter of the controversy. His fourth wife, Lorene Triplett, lived with him from the time of their first marriage to one another until his death on January 18, 1950, although one Lucile Epting claimed that at some time during this period she lived with John as a common-law wife, but failed to establish her claim to the satisfaction of the Commission, and has not appealed.

It appears that shortly after the first of John's three marriages to Lorene Triplett he was inducted into the army. Thereupon Amy Patrick Billups recalled that she had several years prior thereto become married to John and that they had not been divorced; and whereupon she made application for and received an allotment from the federal government. Upon being advised of this fact, John filed a suit for divorce against her in the chancery court of Neshoba County and finally obtained a divorce from her soon after being released from the army in December 1945. Then, as hereinbefore stated, he and Lorene Triplett celebrated their second marriage on December 3, 1946.

This second marriage of Lorene to John would have been valid except for the fact that it then occurred to Lorene that she needed a divorce from her former husband, Alvin Rushing, who then resided in California.

Consequently, Lorene left her home at Philadelphia, in Neshoba County, where she resided with John, went to Leake County and filed a suit for divorce against Alvin on the ground of his alleged cruel and inhuman treatment of her, and stated in her bill of complaint that she was then a resident citizen of Leake County, although she testified before the Commission that she actually lived at Philadelphia at that time, and on cross-examination she explained the erroneous allegation of her bill as to being a resident citizen of Leake County, by saying, "I had to say that was my home to get a divorce

there, didn't I?." but further explained, "I went back there and put in for my divorce because that was where I married him at, and I thought I had to go back there to file for it."

However, the affidavit which she made to her bill of complaint merely stated in substance that she had personally appeared before the chancery clerk and after being first duly sworn stated "upon her oath that she is complaining in the foregoing bill; and that this bill is not filed by a collusion with the defendant therein for the purpose of obtaining a divorce, but that the ground for divorce therein stated is actually true". Thus it will be seen that the affidavit is to no fact except that the bill of complaint is not filed by collusion and that the ground for divorce—the alleged cruel and inhuman treatment therein stated—is actually true. The non-residence of the defendant, his post-office address and street address whether known or unknown, is not a ground for divorce. The affidavit is not as to the non-residence of the defendant Alvin Rushing, who was then in California, or as to his post-office or street address, or as to the failure of the complainant to ascertain same from diligent search and inquiry. In other words, if there was no other affidavit, than the one above mentioned, ever filed in the cause as a foundation for process by publication, the question of the validity of the divorce obtained by Lorene on February 10, 1948 in Leake County, is controlled in all of its essential particulars by the case of Evans v. Brown, 198 Miss. 237, 21 So. (2d) 588, which held that a divorce obtained on publication of process upon only such an affidavit was invalid. A certificate of the chancery clerk of Leake County dated April 26, 1950, discloses that he had examined the records of his office and failed to find any other affidavit filed in the case of Lorene Triplett Rushing v. Alvin Rushing by Lorene, or on her behalf, as to the nonresidence of the defendant.

A certified copy of these divorce proceedings in Leake County was introduced in evidence before the Workmen's Compensation Commission by the attorneys for the appellants, and without objection on the part of the appellees. They were introduced as a collateral attack upon the validity of the divorce decree rendered in favor of the complainant therein on February 10, 1948, and for the purpose of defeating the claim of Lorene Triplett Billups for the death benefits as the alleged widow of the deceased employee. The decree which is the subject of that collateral attack recites, among other things, that "this cause came on to be heard on bill of complaint, and on due process upon the defendant, and upon oral testimony". It further recites that "the court, having fully examined the pleadings and process, finds that it has jurisdiction of the subject matter and of the parties; * * *." It then proceeds to adjudicate that the defendant Alvin Rushing was guilty of the wrongs charged against him in the bill of complaint and that the complainant Lorene Triplett Rushing was entitled to the decree of divorce, which was granted. In other words, the decree is not void on its face; its invalidity would depend upon the insufficiency of the affidavit for nonresident process hereinbefore discussed in the next preceding paragraph, if there was no other and sufficient affidavit filed in the cause. The certificate of the chancery clerk of Leake County referred to in such paragraph is no part of the certified copy of the divorce proceedings. It was not made until nearly two years after the rendition of the divorce decree. The attorney who conducted the divorce proceedings for the complainant, and who had recently checked the original court file on the case, was asked as a witness at the hearing as to whether or not the file contained all the papers and pleadings that were filed in that suit, and his reply was, "Well, I wouldn't say positively there were no more filed, but it does contain the bill of complaint, with the statutory oath affixed thereto

\* \* \* and proof of publication \* \* \*''. It, of course, contained the decree of divorce as shown by the certified copy of the proceedings then being introduced in evidence.

 It is to be conceded that the certificate of the clerk, hereinbefore referred to, would have been competent and of probative value to show circumstantially that since there was no other affidavit on file in his office on April 26, 1950, when he examined the records of his office, no other affidavit than that attached to the bill of complaint was ever filed. But as against this there is the recital in the decree that the court had fully examined the pleadings and process and had found that it had jurisdiction of the subject matter and of the parties. Since the affidavit was not required to be recorded, it may, unlike the recordation of an instrument, become misplaced, and hence the fact that a loose paper is not in a court file is not conclusive proof that the same was never filed. The certificate is therefore entitled to only such weight as, in the nature of the case, it should receive.

In the case of Brotherhood of Ry. Trainmen v. Agnew, 170 Miss. 604, 155 So. 205, it was held to be the primary duty of a court, before proceeding, to determine whether it has jurisdiction both of the subject matter and the parties; that the court is under the duty to examine the process and the returns thereon, and determine whether the process and the manner of service thereof was such as to give the defendant the notice required by law.

In the case of Cotton v. Harlan, 124 Miss. 691, 87 So. 152, it was held that: ''Whether or not the judgment creditor filed with the justice of the peace in the attachment proceeding the affidavit required by the statute, setting forth the post office of the defendant therein, or the creditor's failure to ascertain it, cannot be inquired into here, for the reason that the court of a justice of the peace is a court of record and of general jurisdiction. Brian v. Davidson, 25 Miss. 213; Stevens v. Mangum,

27 Miss. 481; Vicksburg Grocery Co. v. Brennan, 20 So. 845. And where a judgment of such a court is attacked collaterally, as in the case here (McKinney v. Adams, 95 Miss. 832, 50 So. 474), unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there are recitals in the record to show them or not. Cooley's Constitutional Limitations, 406; Ames v. Williams, 72 Miss. 760, 17 So. 762; Gillespie v. Hauenstein, 72 Miss. 838, 17 So. 602; * * * Allen v. Dicken, 63 Miss. 91; Kelly v. Harrison, 69 Miss. 856, 12 So. 261.'' See also Cason v. Cason, 31 Miss. 578; Cannon v. Cooper, 39 Miss. 784; Hester v. Hester, 103 Miss. 13, 60 So. 6; Chambliss v. Chambliss, 182 Miss. 480, 181 So. 715; and 27 C. J. S., Divorce, Sec. 173, p. 825.

Moreover, in the case of Whitley v. Towle, 163 Miss. 418, 425, 141 So. 571, 572, the Court said: ''Appellant contends in the third place that the record herein fails to show that the summons to appellee, to appear before the chancellor at the time and place hereinbefore mentioned, was served on appellee—the return of the service is missing from the record. In a direct attack on a decree it is, of course, competent to show that there was no service of the summons, but in a collateral attack, as is here made, unless the record affirmatively shows to the contrary, all jurisdictional facts are conclusively presumed to have existed, including the proper service of process. It is not enough that the return of service is merely missing from the record—and that is all that is shown here. This exact point was settled in Federal Reserve Bank of St. Louis v. Wall, 138 Miss. 204, 103 So. 5 [6].''

In the case of Federal Reserve Bank of St. Louis v. Wall, supra, the Court said: ''The attack here made on the judgment in the attachment issue is a collateral one, and in such an attack all jurisdictional facts necessary to support the judgment in the absence of evidence to the contrary 'are conclusively presumed to have ex-

isted, whether there are recitals in the record to show them or not.' Cotton v. Harlan, 124 Miss. [691] 696, 87 So. 152. Moreover, the judgment expressly adjudicates that it appeared to the court, which rendered it, that the defendant had been personally served with the process, and that adjudication is conclusive in a collateral attack; for in such an attack, whether the court had the proper evidence before it on which to base an adjudication that the defendant had been served with process cannot be inquired into. Cocks v. Simmons, 57 Miss. 183.''

The collateral attack here is made by the appellants on the further ground that the decree of divorce was void and subject to collateral attack for fraud in that Lorene Triplett Rushing alleged in her bill of complaint that she was a resident citizen of Leake County, whereas she then resided in Neshoba County. But in view of her explanation in regard thereto as mentioned in paragraph 12 of this opinion, and her testimony that she was born and reared in Leake County and that Alvin Rushing had always lived there before their separation and his removal to California, there was no clear and convincing proof of actual fraud on her part in filing her suit there.

We have reached the conclusion that since the decree of divorce granted February 10, 1948, in Leake County is not void on its face for want of jurisdiction of the subject matter and of the parties, but recites the necessary jurisdictional facts to constitute a good and valid decree of divorce, the same is sufficient to render valid the third ceremonial marriage between Lorene Triplett Rushing and John T. Billups, the deceased employee, and that since this couple lived together continuously from 1942 until the employee's death in January 1950, she is entitled to the death benefit awarded her as his widow under the definition of a ''widow'' in subsection 14 of Section 2, Chapter 354, Laws 1948.

The case is, therefore, affirmed as to the award to Fannie Billups Moore, the dependent mother of the de-

ceased employee, but reversed and remanded as to the action of the circuit court in commuting the award to her into a lump-sum payment, and affirmed as to the award in favor of the appellee Lorene Triplett Billups.

Affirmed in part, reversed in part, and remanded.

**Alexander, Lee, Kyle** and **Ethridge, JJ.,** concur.

ON SUGGESTION of ERROR

July 17, 1952 (59 So. (2d) 846)

**McGehee, C. J.**

The suggestion of error herein was assigned to a judge other than the writer of this opinion and was by him presented to the conference of all the members of the Court. Upon the conclusion being reached that the suggestion of error should be overruled, the writer of the original opinion was requested to write a response to the suggestion of error, which is directed to the alleged error of the Court in not holding that the decree of divorce granted on February 10, 1948, in favor of Lorene Triplett Rushing against Alvin Rushing by the Chancery Court of Leake County, was void on the ground that the proof before the Workmen's Compensation Commission disclosed at the time she obtained the said decree of divorce she was a resident citizen of the City of Philadelphia in Neshoba County, whereas she alleged in her bill of complaint in Leake County for the purpose of obtaining a divorce against her former husband, Alvin Rushing, a nonresident of the state, that she was then a resident citizen of Leake County.

The issue of whether or not Lorene Triplett Rushing was a resident citizen of Leake County, Mississippi, at the time she filed the suit for and obtained her divorce from Alvin Rushing was necessarily decided by the chancellor who granted the decree of divorce. He had before him her bill of complaint which expressly alleged

that the "complainant is an adult resident citizen of Leake County, Mississippi, and has resided in said state all of her life." The decree rendered by the chancellor when granting the decree of divorce expressly recited that the cause came on to be heard "on due process upon the defendant, and upon oral testimony. And the court, having fully examined the pleadings and process, finds that it has jurisdiction of the subject matter and of the parties; * * *." The court necessarily found that the proof sustained the allegations of the bill of complaint and that the cause had been filed in the proper venue under the allegations of the bill of complaint and upon the oral testimony before the chancellor. And we find nothing in the record of the entire proceedings in that cause, a certified copy of which was introduced in evidence in the instant case, which shows affirmatively that the case was not filed in the proper venue or that the court did not have jurisdiction both of the parties and of the subject matter, and hence, the decree is not void on the face of the record in the divorce proceeding, and we are not justified in declaring the decree invalid on collateral attack.

What was said in the original opinion herein in paragraphs 11, 12, 20 and 21 thereof, was primarily in response to the contention of the appellants in their original briefs that Lorene Triplett Billups, the reputed widow of the deceased employee, was guilty of actual fraud in the procurement of her decree of divorce against Alvin Rushing in a county other than that of her residence. The suggestion of error does not challenge the correctness of our conclusion as set forth in paragraphs 12 and 20 of the original opinion on that issue, but the contention now is that we should have held that the marriage of Lorene Triplett Rushing to John T. Billups, subsequent to her divorce decree of February 10, 1948, from Alvin Rushing was obtained at least by constructive fraud, and the case of Wilson v. McCorkle, 135 Miss. 525, 99 So. 366 is relied on in support of that contention.

But as hereinbefore stated, the Court is of the opinion that the question of the proper venue of the case of the divorce suit between Lorene Triplett Rushing and Alvin Rushing was for the decision of the chancellor who heard the case, and we must assume that the proof then supported the allegation in the bill of complaint as to her then place of residence and established the then proper venue, since there is nothing in the record of the proceedings of that case to the contrary.

Suggestion of error overruled.

All judges concur.