HATTEN *v.* JONES, et al.

Oct. 19, 1953

No. 38869          39 Adv. S. 16          67 So. 2d 363

*Morse & Morse,* Gulfport, for appellants.

*Mize, Thompson & Mize,* Gulfport, for appellees.

McGEHEE, C. J.

This is a suit, numbered as Cause No. 27,840 on the docket of the Chancery Court of Harrison County, brought by the appellee, Joe Jones, a resident of Columbus, Georgia, as the alleged owner of the soil of the N½ of NE¼, Section 25, Township 6, Range 11 West in said county, and also by the appellee, Robert J. Colson, as trustee under a trust agreement creating the Gulfport Groves Trust, dated April 22, 1929, and Colson alleges that he is the owner of the minerals on or under said land, and the appellees seek by their bill of complaint herein to cancel as clouds upon their alleged titles those certain tax sales made to W. H. Hatten on September 20, 1937, and also to cancel a decree of confirmation of the said tax sales entered in favor of the said W. H. Hatten as tax title purchaser, and the conveyances from him to his vendees of undivided interests in the land, and which decree of confirmation was rendered in Cause No. 17,043 by the Chancery Court of said county on September 20, 1940, against the appellees herein, the

said Robert J. Colson, individually and as trustee, and also against other parties defendant named in the said confirmation suit, the said Robert J. Colson having been assessed with said land and having been the owner thereof as trustee at the time of the said tax sale. He thereafter sold the land, individually and as trustee, to the appellee herein, Joe Jones, on September 30, 1947, and reserved the minerals unto himself as such grantor.

The present suit is against W. H. Hatten, Jr., and other heirs of the tax title purchaser, W. H. Hatten, deceased, his legal representatives, and the heirs and legal representatives of the vendees of W. H. Hatten, and is a collateral attack upon the decree of confirmation aforesaid, not on the ground that the decree itself is void on its face, but on the ground that the exhibits attached to the bill of complaint for confirmation in Cause No. 17,043 disclosed on their face that the tax sales to the purchaser, W. H. Hatten, were not made in the manner provided by law and that, therefore, the bill of complaint for confirmation, when considered in connection with the exhibits thereto, did not sustain the decree pro confesso and the final decree rendered in said cause on the said 20th day of September, 1940. No appeal was taken by the defendants in that suit to the Supreme Court from the final decree of confirmation, nor was there any bill of review filed within the two years allowed therefor.

It is specifically contended that the bill of complaint for confirmation of the tax titles, when considered in connection with the list of lands sold for taxes, the tax deeds, etc., which were made exhibits to the bill of complaint, did not state a cause of action, in that they disclosed upon their face that the tax sales sought to be confirmed were invalid for the reason that each 40 acre tract in the said N½ of NE¼ were separately assessed, separately sold and conveyed, and were contiguous forties and owned by the same individual, Robert J. Colson, trustee. And, under the case of Pease & Dwyer v. Somers Planting Co., 130 Miss. 147, 93 So. 673, that

question "of no cause of action stated" could have been raised for the first time on appeal to the Supreme Court. The precise question presented on this appeal is whether or not the defendants in the confirmation suit should have sought relief against the confirmation decree by an appeal therefrom to this Court or under bill of review filed within the time allowed by law, or whether they may now attack the said decree collaterally without the same appearing on its face to be void. They attack the decree collaterally because of what was shown in the *record of the confirmation proceeding,* and not on the ground that the *decree* itself is void upon its face.

In fact, the decree on its face recites that Cause No. 17,043 came on to be heard on the bill of complaint for confirmation, decree pro confesso against all of the defendants in the cause and upon proof, and that the court after having heard and considered the same found that the complainants, whose heirs or legal representatives are the appellants in the cause now before us, were entitled to have their tax title confirmed, which was accordingly done by the further recitals of the said decree of confirmation.

Moreover, the entire proceedings in said Cause No. 17,043, including the proof of publication for all of the defendants named therein, they being non-residents, are made exhibits to the bill of complaint filed by Joe Jones, et al. v. W. H. Hatten, Jr., et al., Cause No. 27,840 on the docket of the Chancery Court of Harrison County, wherein the present appeal was taken. The allegations of the bill of complaint and the proof of publication for the defendants in the said tax title confirmation suit, together with the recitals of the final decree rendered therein, fully disclose that the court had jurisdiction of both the subject matter of confirming the tax titles to this land located in the county where that suit was brought, and jurisdiction of the person of all of the defendants named therein. The appellee, Joe Jones, being

the successor in title of defendants in that confirmation suit, is bound by the decree rendered therein since the same was of record in the court when he bought the land from Robert J. Colson individually and as trustee, with the minerals reserved unto the said grantor.

Section 1314, Code of 1942, provides, among other things, that a decree of confirmation of a tax title "shall vest in the complainant, without any conveyance by a master or commissioner, a good and sufficient title to said land; and such decree shall, in all the courts of this state, be held as conclusive evidence that the title to said land was vested in the complainant, as against all persons claiming the same under the title existing prior to the sale for taxes." See also Griffith, Mississippi Chancery Practice, 2nd Ed., Section 208.

The foregoing provision of the statute, of course, applies only where the court rendering the decree of confirmation has jurisdiction of the subject matter and of the parties and renders such a decree valid on its face, and as between the parties who are before the court by a valid service of process.

The purpose of this statute providing for the confirmation of a tax title, is that by such a proceeding any further litigation between the same parties, or their successors in title, as to the validity of the tax title, shall be precluded.

Had there been an appeal from the decree of confirmation in Cause No. 17043, the Supreme Court would have necessarily held that the chancellor was in error in holding that the bill of complaint for confirmation, when considered in connection with the exhibits thereto, was sufficient to state a cause of action for confirmation and the decree would have been reversed. Love v. Barron, 197 Miss. 231, 20 So. 2d 97; Leavenworth v. Claughton, 197 Miss. 606, 19 So. 2d 815. For the same reason the defendants could have obtained relief therefrom by a bill of review. But what we now have before us is that

the chancellor committed an error of law in holding that the bill of complaint and exhibits were sufficient to warrant a decree of confirmation, but since he had jurisdiction of the subject matter and of the parties he had jurisdiction to commit error, and since his decree was not void on its face the same is not subject to this collateral attack. McIntosh v. Monson Road Machinery Co., et al., 167 Miss. 546, 145 So. 731; Todd v. Todd, 197 Miss. 819, 20 So. 2d 827; and Stephens, et al. v. Moore, et al., 214 Miss. 760, 59 So. 2d 346.

Since the bill of complaint in the present suit had exhibited thereto all of the proceedings in the tax title confirmation suit, including the final decree valid upon its face, we are of the opinion that the trial court was in error in overruling the general demurrer of the appellants thereto, and the cause must, therefore, be reversed and remanded.

Reversed and remanded.

*Roberds, Lee, Holmes* and *Ethridge, JJ.*, concur.