LUTHER McGILL, INC., et al. *v.*
MACK WATKINS, JR., A MINOR, ETC.

No. 43145 October 26, 1964 168 So. 2d 309

*Welch, Gibbes & Graves,* Laurel, for appellant.

*Collins & Tew*, Laurel; *McFarland & McFarland*, Bay Springs, for appellees.

JONES, J.

In the Circuit Court of the Second Judicial District of Jones County the appellee, as plaintiff, was given a substantial judgment for personal injuries. The jury was instructed peremptorily on the issue of liability to find for plaintiff. This was error.

The declaration charged that on August 8, 1962, at about 2:30 P.M., the plaintiff, an employee of Mehler Construction Company, had been directed to assist the defendants in clearing a right of way for highway construction. His work was to hook a chain attached to a cable around stumps and trees in order that same might be pulled out of the ground. The cable was operated by a wench on a bulldozer and both bulldozer and wench were run by Herman Baughman, an employee of Luther McGill, Inc.

In the declaration the grounds of negligence alleged were: "That at the time and place, aforesaid, plaintiff had fastened said cable to a 'jump butt' or twin trunk tree and the defendant, L. Herman Baughman, attempted to pull said tree out of the ground but was unable so to do because of the size of same; whereupon, the

defendant, L. Herman Baughman, directed plaintiff to move said cable higher up said 'jump butt' tree in order that more leverage could be obtained. As plaintiff had his hands about and under said cable and was moving same higher up said tree, and before· he could move same to a desirable height, the defendant, L. Herman Baughman, who was sitting on said bulldozer or tractor within plain view of plaintiff and said tree and well knowing that plaintiff still had his hands about said cable which was still looped around said tree, wantonly and negligently drove said tractor forward, pulling on the aforesaid cable causing same to catch, mash and squeeze both hands of the plaintiff ·between said cable and the trunk of said tree so that, as a direct and proximate result of the gross, joint and concurrent negligence of both the defendants, as aforesaid, . . . . the plaintiff was injured.

▆▆▆ In determining whether a peremptory instruction should have been given, we are confronted with the rule that the Court must look solely to the testimony in behalf of the party against whom the directed verdict is requested, and taking that testimony as true, along with all reasonable inferences which could be drawn therefrom favorable to said party, if it could support a verdict for him the directed verdict should not be given.

▆▆▆ And even where the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not necessarily follow that a party is entitled to a directed verdict. Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126; N. O. & N. E. Railroad Co. v. Thornton, 247 Miss. 616, 156 So. 2d 598, and authorities therein cited.

▆▆▆ The plaintiff and his brother, who was working with him, testified that their employer sent them to help the operator of the bulldozer; the plaintiff was to hook the chain on the end of the cable around the trees and

the brother was to unhook when the tree had been pulled and dragged where desired. The cable, one inch in diameter 185 feet long, had at the end thereof a chain to be placed around the trees with a hook to fasten same. When so hooked the bulldozer operator would undertake to pull the tree out of the ground. On the morning before the accident there were several trees which the operator could not pull when the chain was fastened low on the butt of the tree. The practice in such cases was to raise the cable higher so as to give more leverage, and then pull. Plaintiff had worked previously about a half day at this work. The brother had not worked at it prior to this day. When the bulldozer pulled a tree, it would be dragged some distance up an incline and there the brother of plaintiff would unhook the chain. The chain and cable were then sent back to be hooked around another tree, and plaintiff was doing the hooking.

On the occasion in question, plaintiff had hooked the chain around the butt of a tree and when the bulldozer operator undertook to pull it, it would not move. Thereupon Baughman motion to plaintiff to raise the cable, which he attempted to do. He worked it some distance up the body of the tree, which had at the bottom one butt and about two feet higher branched into two trunks. When he could not pull the tree the first time, the operator told the brother to help plaintiff move the cable up the tree. Both the plaintiff and his brother testified that they were standing on opposite sides of the tree in full view of the operator of the bulldozer. They had gotten the cable up about shoulder high. Both testified that neither of them had given a signal to the bulldozer operator to pull at the time he did. On the other trees when they had the cable hooked low and ready to be pulled, plaintiff would start running and give the "highball" signal. This was by waving his hand over his head. They say when plaintiff was injured there was no signal or warning given that pressure was to be

applied to the cable, and that they had had no instructions as to how to handle the cable when moving it higher. When the power was applied, plaintiff's fingers were caught between the cable and the tree, and several fingers on each hand were injured so they had to be amputated. Plaintiff said he was never behind the tree, but was always on the side in view of the operator of the bulldozer. Both of them denied they had been given any instructions on how to raise the chain on the tree.

Defendant Baughman, the operator of the bulldozer, testified on direct examination that he gave instructions to the plaintiff and his brother in regard to hooking and unhooking the cable, substantially as follows: He told plaintiff that anytime he had to hold up the cable, he should take the palms of his hands, and with the heels of the palms, hold the cable. This only had to be for two or three minutes. Of course, he could not wave with either hand and hold the cable on the tree at the same time, so all he should do was to "stick" his head from behind the tree.

Baughman further testified that the plaintiff and his brother were not on the side of the tree in full view of him, but that plaintiff was behind the tree and he could not see him. They had had difficulty with several trees that day, and at this particular tree, when it failed to pull with the first effort, Baughman kicked the wench out of gear, got off the bulldozer, walked to plaintiff and told him to get his brother to help him hook the cable. This statement by Baughman was denied by plaintiff and his brother. Baughman then went back to the tractor, and when he got there plaintiff had the cable up, "stuck his head" from behind the tree, and that is when the pressure was applied. Immediately he and the brother discovered an injury had occurred and he stopped the engine. Baughman testified that after he told plaintiff to call his brother to help him and he got back to the tractor, he saw that plaintiff was peeping

out from behind the tree; that plaintiff had no way whatever of flagging him with both hands on the cable; and "when Mack stuck his head" from behind the tree, Baughman pulled on the cable. The flagging was done by plaintiff stepping back and getting behind the tree and throwing his head out from behind the tree when he could not use either hand to flag, and this was the only signal plaintiff had given.

██ Contention is made that the defendant Baughman, on cross-examination, admitted negligence. If this be true, which we do not decide, there would be a conflict in his direct and cross-examination, and where statements of a party are conflicting, it is for the jury to determine which in fact is true. Dearman v. Partridge, 239 Miss. 611, 124 So. 2d 680, and authorities there cited.

The court granted the defendant instructions on comparative negligence. One of them was based upon the testimony of Baughman, the first portion of said instruction reading as follows:

"The court instructs the jury for the defendants that if you believe from the preponderance of the evidence that the defendant, Baughman, had instructed the plaintiff to raise the cable up the trunk of the tree with the heels of the palms of his hands and after so raising the cable to hold the same in place with the heels of the palms until slack was taken from the cable after signaling with his head to defendant; and if you further believe that the plaintiff disregarded said instructions and inserted his fingers between the cable and the tree trunk to raise the cable, or to hold the same and signaled with his head while his fingers were so inserted, such disregard of instructions, if any, was negligence on the plaintiff's part. . . ."

██ The court refused to the jury the issue as to whether such negligence of the plaintiff was the sole proximate cause of the accident. We think this was error in view of the pleadings and evidence. Whenever

the evidence is in conflict on material points as to the facts, or █ wherever the facts are such that reasonable men might draw different conclusions from the facts, the case should be submitted to the jury. Evans v. Brown, 141 Miss. 346, 106 So. 281. Neither side was entitled to a peremptory.

Reversed and remanded.

*Lee, C. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.