FRIERSON BUILDING SUPPLY COMPANY *v.* PRITCHARD, D.B.A. PRITCHARD INVESTMENT FUND

No. 43565 June 14, 1965 176 So. 2d 301

542

*Young & Young, Pat H. Scanlon,* Jackson, for appellant.

544

*Wilroy & Wilroy,* Hernando, for appellee.

Lee, C. J.

Frierson Building Supply Company, a Mississippi corporation, on June 3, 1963, filed its bill of complaint

in two counts in the Chancery Court against Best Construction Company, Inc., a Tennessee corporation, but qualified to do business in Mississippi, Susan B. McDonald and Alvin Binder. Count 1 charged that Best Construction Company was indebted to the complainant in the sum of $23,112.14 under the terms of a judgment in the complainant's favor, entered by the Circuit Court of Jefferson County, Arkansas; that Susan B. McDonald was indebted to Best Construction Company, Inc., in the sum of $4,173.12 in accordance with the terms of the deed of trust, in which Alvin Binder was the trustee, identified and made a part thereof. The prayer on this count demanded judgment against Best Construction Company for the amount of the Arkansas judgment, namely, $23,112.14, and that Susan B. McDonald should pay all sums due and owing by her to Best over to the complainant, and that the court should adjudge that the complainant was the owner of the deed of trust with all rights thereunder.

Count 2 of the bill of complaint alleged that the complainant had supplied building materials in the sum of $1,237.91 for the construction of the dwelling house, mentioned in the deed of trust; that, on April 29, 1963, complainant served notice upon Mrs. McDonald under Mississippi Code Annotated sections 372 and 380 (1956); that Mrs. McDonald was, at the time of the receipt of notice, indebted on that account in the sum of $1,237.91. There was an invitation to other suppliers of labor and material to join. The prayer demanded judgment for complainant against the defendants, together with the enforcement of a lien thereon, in accordance with the allegations of the count. To the bill of complaint was attached an itemized statement of the account, together with a copy of the stop notice, as aforementioned.

Thereafter, on July 2, 1963, the complainant amended its bill of complaint, naming the original defendants, together with Robert A. Pritchard, doing business as

Pritchard Investment Fund, post office and street address 4200 Tuckerhoe Road, Memphis, Shelby County, Tennessee, also a defendant. There were two counts in this amended bill of complaint and a reiteration of the allegations made in the original bill. In addition thereto, it was charged that the deed of trust in question was assigned, under date of March 28, 1963, to Pritchard Investment Fund, and that the same was filed in the office of the Chancery Clerk of DeSoto County, Mississippi, on May 10, 1963, and was duly recorded; that Pritchard Investment Fund was not a person in being or a corporation and the assignment was utterly void; that Robert A. Pritchard at the time was the acting Secretary-Treasurer of Best Construction Company and had knowledge, both actual and constructive, of the outstanding indebtedness of Best Construction Company to the complainant; that the assignment was without full consideration, if any; that Pritchard knew that the complainant at that time was seeking the enforcement of a lien and that a *lis pendens* notice had been served. The prayer asked for the same relief as was stated in the original bill and that the complainant be adjudged the owner of the deed of trust and that the assignment to Pritchard Investment Fund be declared void and of no effect.

Count 2 of the amended bill prayed for the same relief as was sought in the original bill and the foreclosure of a materialmen's lien on account of the material supplied by the complainant for the dwelling house in the sum of $1,237.91, together with the impression of a lien on the property and a sale thereof if not paid.

The answer of Robert A. Pritchard, individually and as manager of the Pritchard Investment Fund, denied the allegations of the amended bill of complaint concerning the judgment in the state of Arkansas, and alleged that said judgment was null and void as to Best Construction Company, Inc., because that company was

not and had never been qualified to do business in Arkansas. The defendant also alleged that Pritchard Investment Fund was a partnership, composed of six individuals, and was organized to do business as an investment partnership, giving and receiving deeds of trust and assignments, and for the conduct of other good and valid transactions; that it was not necessary for it to be a person in being or a corporation to be an assignee; that Pritchard was the duly qualified elected secretary-treasurer of Best Construction Company, Inc., and had knowledge of an outstanding debt of Best Construction Company, Inc., to the complainant; that Pritchard, in his official capacity, was not able to ascertain the amount thereof although he requested such information from Best Construction Company, and that he never succeeded; that upon notification that a lis pendens had been filed, he, Pritchard, as manager of Pritchard Investment Fund, contacted an agent of complainant and offered to pay off said indebtedness to Frierson, but that said offer was refused; that Pritchard Investment Fund at that time stood ready, willing and able to pay the indebtedness of $1,237.91, but that the complainant refused to accept the same. The defendant also alleged that Pritchard and Pritchard Investment Fund paid $2,000 to Best Shell Homes, Inc., in good faith as part payment of the consideration of such deed of trust. But that if the assignment is to be declared a nullity, then the defendant should be entitled to recover the amount of $2,000 paid on such assignment.

Mrs. Susan B. McDonald, in her answer, admitted the various allegations of the bill and declined to answer yea or nay concerning facts about which she had no knowledge; that she had not paid anything, having received the stop notice before an installment became due; but that the Court, in the adjudication of the matter, should not hold her responsible for the entire amount of the deed of trust because Best Construction Company

had failed to carry out certain agreements in connection therewith. To that end, she filed a cross bill alleging that there had been a failure to provide a seven year premium on fire and hazard insurance, credit life insurance until the note and deed of trust were paid, painting of the exterior of the house, and the laying of a subfloor; and that because of such deficiencies it would require $1,037.11 to do such work.

Best Construction Company, Inc., did not answer, and a decree pro confesso was taken against it.

A copy of the deed of trust was filed as Exhibit A to the complainant's case. It was dated March 12, 1963, and showed that it was to secure payment of $4,173.12, payable in 84 monthly installments of $49.68, evidenced by note of even date.

A copy of the assignment was introduced as evidence to the appellant's case. It was dated 28th of March, 1963, for value received, and was signed "The Best Construction Company, Inc., by J. D. Hancock, President. Attest: R. A. Pritchard." It recited that The Best Construction Company, Inc., a corporation, organized and existing under the laws of the State of Tennessee, "does hereby sell, transfer, assign and set over to Pritchard Investment Fund . . . a trust deed executed by Sue B. McDonald to Alvin Binder, trustee (describing it) together with the note for $4,173.12, described in and secured by said trust deed." The acknowledgment, under the same date, attested that the signers acknowledged that they did so as the President and the Secretary, respectively, of the corporation. The certificate of the Chancery Clerk showed that it was filed on May 10, 1963, and had been duly recorded.

Robert A. Pritchard, called as an adverse witness for the purpose of cross examination, testified that he had been employed by Best Construction Company, Inc., since September 1959; that he became secretary-treasurer on February 1, 1960; that he was also a director in

the company; that his main duties were to process and put together mortgage packages; and that his duties with regard to signing checks ceased in June 1962, because he refused to have anything to do with that feature of the business. J. D. Hancock was the president of the company and handled the funds as his own. A joint meeting of all of the directors in Best Shell Homes of Tennessee, The Best Shell Homes of Arkansas, and Best Construction Company, Inc., had been held in March 1963. He became the manager of Pritchard Investment Fund, the trade name of a partnership which was formed on January 23, 1961. He was caused to produce a copy of the partnership agreement. That instrument, in effect, showed that six named persons on January 23, 1961, signed an agreement to invest a minimum of $500 each in Pritchard Investment Fund by February 1, 1961, and $40 monthly thereafter for 72 months, making their deposits in First National Bank of Memphis, Tennessee. The purpose was the purchase of first mortgages on "shell" homes with a maximum life of 72 months. Provision was made for purchase of credit life insurance, etc.; and interests, voting rights, and meeting dates were fixed.

Pritchard, from time to time, had purchased mortgages on eight Best Shell homes for the Fund. He knew that Frierson had furnished materials on the McDonald house, but he was unable to ascertain the amount of the indebtedness from Hancock. Hancock had the matter all worked out with Frierson and gave evasive answers. He kept the invoices, files, and books locked in his desk drawer. While Pritchard had agreed to pay $2,000 for these papers, he was trying to obtain the amount of the materialmen's lien accurately. The difference between the dates of execution and filing for record was due to the fact that he had good reason to believe that, if this mortgage was purchased with uncertainty as to the amount of the lien, the Fund would be required to satisfy

the materialmen's lien. Finally, after Mrs. McDonald had received her stop notice advising that there was a lien of $1,237.91, and he acquainted Hancock with that development, the assignment was delivered and he paid the consideration of $2,000. Pritchard believed that "the check was made payable to Best Shell Homes, Inc." He then followed that statement with "it wound up in the general funds of Best Shell Homes and Best Construction Company. At that time they were all just sort of together." When he bought these papers, Best Construction Company still had some assets, several mortgages, some property, model houses, and equipment.

Pritchard admitted that he did not discuss this purchase with any other officer, but he said that there was only one other director, and this officer was not in town. While he knew that Best Construction Company was in financial difficulty, and that its close was inevitable, he did not have any knowledge about the judgment in Arkansas until the amended bill of complaint was filed. (This occurred on July 2, 1963.)

At the close of the evidence the chancellor made his finding of fact in which he adjudicated the following items:

1. That the complainant was entitled to a money judgment against Best Construction Company in the amount of $23,112.14;

2. That Mrs. McDonald and Pritchard Investment Fund had entered into an agreement, with the approval of Frierson Building Supply Company, that she was entitled to a credit of $500 on the indebtedness about which she had made her contention;

3. That the deed of trust in question, given by Mrs. McDonald, was assigned to Pritchard Investment Fund. The description thereof was fully set out;

4. That Pritchard Investment Fund was a grantee sufficient for the purpose of receiving the assignment

and that it is now the owner of the trust deed subject to the lien of $1,237.91, which was enclosed;

5. That Frierson was not entitled to any relief under Count one of its amended bill except the money judgment against Best Construction Company; and

6. That the defendants pay complainant the sum of $1,237.91 within thirty days or the lien should be foreclosed.

A decree in accordance with the finding of facts was entered and Frierson Building Supply Company appealed.

The appellant's general contention is that the assignment from Best to Pritchard Investment Fund was null and void, and the indebtedness owing from Susan B. McDonald is due to Best Construction Company. It asserts two reasons for that conclusion, to-wit:

1. Appellant submits that the partnership was not a legal entity capable of acquiring title to an interest in realty. Under this point, it argues that a grantee must be either (a) a person in being, or (b) a corporation. It cites and relies on Parsons v. Marshall, 243 Miss. 719, 139 So. 2d 833 (1962), and similar authorities.

2. The assignment from Best to Pritchard was a fraudulent conveyance for an inadequate consideration and with intent to defraud Best's creditors. It argues that the Best Construction Company was insolvent and that, due to Pritchard's connection with the company and the inadequacies of the consideration, it should be declared null and void and that the indebtedness from Mrs. McDonald to Best Construction Company should be utilized in payment of Best's obligation to the appellant.

 On the first contention of appellant, it appears that the question has been definitely settled by the case of Parsons v. Marshall, *supra,* with its collation of authorities. At page 727 thereof, the rule is stated that "an instrument purporting to be a deed and which has

no grantee named therein, *in esse*, a person in being, or corporation, is void . . ." ██ Here, however, the assignment was to Pritchard Investment Fund. It is true that the surnames and given names did not each appear, but Robert A. Pritchard was the name of one of the partners. That was certain. The names of the other partners could be made certain, and were actually shown. Shumpert v. Dillard, Pinson & Co., 55 Miss. 348 (1877).

Besides, the assignment in this case did not purport to be a deed. The assignee received no actual title to land. The papers consisted of a note and a deed of trust on land which secured it. The trust deed expressly identified the note. Only when and if there were a default in the provisions of the note and deed of trust would the assignee even have a chance, in order to protect its debt, to bid for the purchase of the proper at a foreclosure sale.

 ██ The assignee, by Mississippi Code Annotated section 871 (1956), is required "to enter the *fact of the assignment* on the margin of the record of the lien." (Emphasis supplied.) This was done. ██ The statute does not require that, in case of a partnership, a name or the names of the partners shall be stated. Emphasis must be placed on the *fact of the assignment*. Appellant pitches its entire argument on the insufficiency if it were a deed. The Court does not believe that the doctrine is applicable here.

 ██ Since this case was tried in an equity court, this observation should be added: When the original bill was filed on June 3, 1963, the assignment was then of record. Undoubtedly no search was made of the record because apparently no attempt was made to join either Pritchard or Pritchard Investment Fund as parties. While the object of recordation is to give constructive notice, it is hard to see how the appellant could have sustained any injury if the assignment should be held

defective in any way. No payment whatever had been made by Mrs. McDonald at that time, and she had made none at the time of the trial. According to the evidence, Pritchard found out through the notice to Mrs. McDonald that Frierson was actually beginning efforts to enforce its materialmen's lien. He thereafter talked over the telephone to Frierson's agent and offered to pay the amount of the lien. The *lis pendens* notice called attention only to the materialmen's lien of $1,237.91. It was only after this conversation that Frierson subsequently filed its amended bill on July 2, 1963, making Pritchard a defendant — the first knowledge, Pritchard claimed, that he had of an Arkansas judgment against Best Construction Company, Inc.

Besides, in Bank of Lexington v. Cooper, 115 Miss. 782, 76 So. 659 (1917), the opinion, at 797, speaking about the description of the debt secured and the necessity to make inquiry, cited with approval Jones on Mortgages section 579 (1915), as follows:

A general description of the debt is sufficient to put all parties interested upon inquiry, and to charge them with notice of all facts that could be obtained by the exercise of ordinary diligence and the prosecution of the inquiry in the right direction. A party wilfully closing his eyes against the lights to which his attention has been directed, and which, if followed, would lead to a knowledge of all the facts, is chargeable with notice of every fact that he could have obtained by the exercise of reasonable diligence.

Consequently, the Court is of the opinion that the assignment was not a nullity, but was sufficient on its face to pass the interest to Pritchard Investment Fund, a partnership, the members of which have been identified in the record.

On the second contention of the appellant, the Court is fully aware of its holdings in Knox Glass Bottle Co. v. Underwood, 228 Miss. 699, 89 So. 2d 799 (1956),

the authorities therein cited, similar cases, and texts with reference to the acts of officers of a corporation in their dealings with corporate property. Many of these cases have been cited by the appellant. Needless to say, such officers are under the duty to act without fraud and in good faith.

The record consists of the pleadings, written documents, and the testimony of Robert A. Pritchard. In an analysis of that testimony, partisans may find sufficient grounds on which to precipitate a heated discussion. For instance, the appellant contends that Pritchard admitted that he believed the check for $2,000 which the Pritchard Investment Fund paid for the note and deed of trust in question, was made to Best Shell Homes, Inc., and it, therefore, argues that Best Construction Company, Inc., actually received no consideration at all for the assigned security. But that deduction leaves out of view Pritchard's further statement that "it wound up in the general funds of Best Shell Homes and Best Construction Company."

██ ██ The record, in some particulars, is indefinite and perhaps conflicting. The trial judge heard these conflicts, if such they were, and observed the demeanor of the witness throughout his cross examination and subsequent questioning by the appellee. In such a situation, the trier of fact must determine which statement, in fact, was true. See Dearman v. Patridge, 239 Miss. 611, 124 So. 2d 680 (1960), where a number of cases are cited in documentation of that principle. ██ ██ The same principle, referred to above, is applicable to other questions where Pritchard testified concerning his knowledge of the condition of the corporate business, his limited opportunity therefor, and his complete ignorance of the entry of the Arkansas judgment.

██ ██ The chancellor, following the presentation of the presentation of the evidence, allowed Mrs. McDonald a credit of $500 on the mortgage debt of $4,173.12 be-

cause of a lack of performance of certain obligations on the part of Best Construction Company, thus reducing the indebtedness to $3,673.12. He also required the appellee to pay off the lien of $1,237.91 impressed for materials on the house in behalf of Frierson. The evidence warranted a finding that the $2,000 was received by Best Construction Company, Inc. In other words, Pritchard Investment Fund actually paid $3,237.91 for a shell home mortgage, the amount of the indebtedness being $3,673.12, but which, in the opinion of the chancellor, was substantially the actual value of the property.

The case of Millsaps v. Chapman, 76 Miss. 942, 26 So. 369 (1899), concerned the purchase by a director of the property of an insolvent corporation and payment therefor with stock of the corporation. The case made a distinction between actual and constructive fraud. After stating the facts in detail, the opinion at 954 said:

> The contract of purchase may be wholly *annulled, if actual fraud entered into it,* and *the fraudulent and faithless director denied any reimbursement. If not corrupted by fraud in fact, the court may vacate the purchase,* because made in violation of law, *or may uphold it,* and, in either case, where only constructive fraud is shown, require the fiduciary to account for profits, or the difference between the price actually paid and the real value of the property at the time of the purchase. *The remedy will be moulded to meet the circumstances of each particular case.* (Emphasis supplied).

The opinion observed that Millsaps "made the purchase without any wilfully fraudulent purpose," but at the same time he expressed grave doubt that the transaction could be made lawfully. The trial court did not think that Millsaps should be treated as a trustee *maleficio.* This case has not been reversed or modified. It seems to be in point for the justification of the chancellor's conclusion in this case.

 The chancellor, after ascertaining what Pritchard Investment Fund paid out and the value which it received, allowed the partnership to retain it. While there was no finding of fact as to the nature of the fraud of Pritchard, it must be concluded that the chancellor was of the opinion that he was not corrputed by fraud in fact.

After a full and complete study and consideration of the record in this case, the court is unable to say that the conclusion of the chancellor is not sustained by substantial evidence. Neither is there justification upon which to hold that he was manifestly wrong. Consequently the cause is affirmed.

Affirmed.

*Rodgers, Jones, Patterson and Smith, JJ.,* concur.