PATTERSON, Justice:
This is an appeal from the First Judicial District of Hinds County. Plaintiffs below sought damages for the death of Ray Oglesby, Jr. who was fatally injured when struck by an automobile driven by Olen McKay, the agent of-Bagby Hall Motors, Inc. The accident occurred when Oglesby was walking across South State Street. From a jury verdict for the defendants the plaintiffs appeal here and assign as error (1) that the verdict of the jury was against the overwhelming weight of the evidence and was the result of bias, passion and prejudice on the part of the jury, and (2) that certain instructions granted for the appellees were erroneous and the granting thereof constituted reversible error.
The defendants in the suit are Bagby Hall Motors, Inc. and Olen McKay, an automobile salesman for such concern. As a salesman McKay was furnished an automobile by *645 Bagby Hall Motors, Inc. which he used to demonstrate to prospective purchasers during his off hours. The accident occurred in the early morning hours of February 20, 1966, while McKay was driving north on South State Street and while Oglesby was crossing the street from east to west in a southwesterly direction.
Under this set of facts the plaintiffs below sought recovery under the wrongful death statute, alleging that McKay was in the course and scope of his employment with Bagby Hall Motors, Inc. at the time of the accident and that McKay was an incompetent and reckless driver which was well known to his employer, but that the automobile and the use thereof was nevertheless negligently entrusted to McKay. The plaintiffs further alleged that McKay was operating such vehicle at a fast, careless, and negligent rate of speed and also that he failed to keep a proper lookout, that he failed to have his automobile under proper control, and failed to yield the right-of-way to Oglesby, a pedestrian, at the time he was struck and killed.
The foregoing allegations were denied by the defendants, their defense being that the decedent was attempting to cross South State Street, between Pascagoula and Pearl Streets, at a place where there was no intersection or crosswalk. They, therefore, plead Sections 141 and 142 of the Ordinances of the City of Jackson as being violated by the decedent and that the decedent’s negligence was the sole proximate cause of his death. These ordinances are as follows:
SECTION 141. WHEN PEDESTRIAN SHALL YIELD — (a) Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross, walk at an intersection shall yield the right of way to all vehicles upon the street.
SECTION 142. PROHIBITED CROSSING — (a) Between adjacent intersections at which traffic-control signals are in operation, pedestrians shall not cross at any time at any place except in a cross walk, (b) No pedestrian shall cross a roadway other than in a cross walk in any business district.
We are of the opinion that the first assignment of error is not well taken as there is testimony to support the verdict of the jury. McKay testified that he was in the inner lane for northbound traffic, there being two lanes north and two lanes south on South State Street. He testified that he was alongside of and passing an automobile traveling in the same direction; that his passing speed was approximately twenty to twenty-five miles per hour; that while passing, Oglesby walked in front of his car from the lane occupied by the vehicle which he was passing. He further testified that he instantly attempted to apply his brakes, but was unable to do so before the fatal impact. His testimony also reflects that he had not seen Oglesby previously for the reason that the vehicle he was overtaking on the right blocked his view in Oglesby’s direction. The record indicates that the accident occurred very fast, “in a split second,” and McKay testified positively he was unable to avoid it. His'car was stopped within one to two car lengths from the point of impact.
The testimony of Mr. Chaffin, the driver of the overtaken automobile, corroborated that of McKay, as he testified in regard thereto as follows:
“Q. Can you tell approximately where his car was with respect to the front or back of your car when you made the observation concerning the pedestrian?
■ “A. He was slightly to the rear of our car at the — at the time that I made the observation of the pedestrian.
“Q. And what would your relationship have been between Mr. McKay’s vehicle and the pedestrian ?
“A. Well, I would have been in a straight line between the two objects, being at the angle that we were—
*646 “Q. Yes, sir.
“A. —approaching the victim.
“Q. And did you witness the accident itself ?
“A. Yes, sir.
“Q. And would you tell us how quickly it happened after you made this observation?
“A. It was just a matter of a split second, I mean, it was not much time elapsed from the time I made the remark until the accident took place.”
The testimony of Mrs. Chaffin, who occupied the front seat of the car being overtaken and passed by McKay, was that:
“Q. All right. Did you see the collision between it and the man?
“A. Yes, sir, I did.
“Q. Now, can you tell us where the other car was with respect to your husband’s car, the one in which you were riding when the accident did occur?
“A. Well, as he came up, when it made contact, I could still see the upper part of the man,—
“Q. Mmnhmn.
“A. —so evidently he couldn’t have been —he wasn’t past us.”
These witnesses also testified, as did McKay, to the speed of McKay’s automobile and the fact that it was brought to a halt within one or two car lengths after the accident. Mr. Chaffin testified further, in response to a question as to whether McKay had time to apply his brakes, “I wouldn’t have thought so, because it was just a matter of a split second that the whole event occurred.” Appellants argue, however, that the photographs in evidence, and particularly the one which indicates beyond dispute that the decedent was struck by the extreme left front portion of McKay’s automobile, is sufficient to show that Oglesby had to cross the lane of traffic occupied by McKay’s automobile and that had McKay maintained proper observation in his direction of travel he would of necessity had to have seen the decedent. This argument has given the writer of this opinion much concern at it is obvious the decedent did traverse the inner lane of the northbound traffic immediately before being struck by McKay and it seems that McKay should have seen him. There is, however, testimony, as noted above, to the contrary to the writer’s observation and we cannot say with certitude that the jury did not have evidence upon which to base its verdict, though quite candidly we might have voted differently had we been jurors. Where testimony of witnesses is conflicting it is for the trier of fact to resolve the conflict in arriving at a true verdict. Frierson Building Supply Co. v. Pritchard, 253 Miss. 541, 176 So.2d 301 (1965); Luther McGill, Inc. v. Watkins, 250 Miss. 734, 168 So.2d 309 (1964); Seymour v. Gulf Coast Buick, Inc., 246 Miss. 805, 152 So.2d 706 (1963); and Dearman v. Partridge, 239 Miss. 611, 124 So.2d 680 (1960).
We have considered the instructions complained of as being erroneously granted to the appellees and have reached the opinion that they were properly granted and did not constitute error under the facts of the case.
Affirmed.
GILLESPIE, P. J., and RODGERS, INZER, and ROBERTSON, JJ., concur.