LEAR, Judge.
This suit arises from an accident in which plaintiff’s husband, Richard A. Pellerin, was struck and killed by an automobile driven by defendant, Susan B. Tabony. Also named as defendants in this suit were Mrs. Tabony’s husband, Bernard W. Tabony, the owner of the automobile, and the Tabony’s liability insurer, Gulf Insurance Company.
The accident at issue occurred on the bridge between Bay St. Louis and Gulfport, in the State of Mississippi. While both parties to the suit were domiciled in Louisiana, and therefore suit was filed in Louisiana, the substantive law of Mississippi, both statutory and jurisprudential, was applied by the trial court. After a trial on the merits, the court found that Mrs. Tabony was not negligent in any degree and, therefore, not liable to plaintiff under the Mississippi law of comparative negligence. Plaintiff’s suit was dismissed and from that dismissal she has appealed.
On the morning of May 5, 1976, at approximately 11:00 a. m., plaintiff and her late husband were fishing off the south side of the Bay St. Louis bridge (U. S. Highway 90) in Harrison County, Mississippi. Although on the same side of the bridge, Mr. and Mrs. Pellerin were fishing some distance from each other. This bridge carries a four lane highway which is divided by a raised median with two lanes on the south side of the bridge proceeding east and two lanes on the north side proceeding west. Mrs. Tabony, and her three year old child, were driving across the bridge in an easterly direction on its southern side. Except for Mr. Pellerin and her three year old child, Mrs. Tabony was the only person to actually witness the accident.
Mrs. Tabony testified that she had entered the bridge in the right-hand lane driving at approximately forty-five miles an hour. Being aware of some construction taking place on the bridge, she stated that she wanted an unobstructed view ahead, and therefore decided to pass a red car which was in the right-hand lane in front of *47 her. As she pulled into the left-hand lane to pass, she increased her speed to fifty miles per hour. She testified that when she was about to reach the red car, and only a few feet from its rear bumper, she saw something flash to her right in front of her and in the next instant Mr. Pellerin ran into her lane in front of her. Mrs. Tabony further testified that at that moment Mr. Pellerin, appearing to be surprised by the presence of her car, stopped and slightly turned towards Mrs. Tabony and raised his left hand toward her oncoming car. Mrs. Tabony stated that this all happened very quickly and that she had no opportunity to apply her brakes or take other evasive action. She also stated that the red car, which she was only slightly behind, obstructed her view in that direction.
Referring to the Mississippi case of Williams v. Moses, 106 So.2d 45 (Miss.1958), the trial court stated that the law of Mississippi, with reference to a motorist’s duty to a pedestrian, imposes a duty to use reasonable care, to be alert for and keep a proper lookout for persons on the highway and to avoid injuring such persons that the motorist sees or should see.
We find that the Mississippi case of Oglesby v. Bagby Hall Motors, Inc., 209 So.2d 644 (Miss.1968) is controlling. In that case, the accident occurred on a four lane roadway, with the driver proceeding in the inner of the two northbound lanes of traffic. The driver testified that he was alongside of and passing an automobile traveling in the same direction and that, while passing, the pedestrian walked in front of his car from the lane occupied by the vehicle which he was passing. He stated that he was unable to apply his brakes or avoid the accident before the impact and that he had not seen the pedestrian previously for the reason that the vehicle he was overtaking on the right blocked his view in that direction. The testimony indicated that the accident occurred very fast, “in a split second,” and the driver testified positively he was unable to.avoid the accident.
Plaintiff called two experts in the field of accident reconstruction to testify concerning this accident. These experts testified only with regard to mathematical computations, and from these computations concluded that the accident could not have happened the way Mrs. Tabony described it. However, both expert witnesses stated that they lacked sufficient information to enable them to actually reconstruct this accident or to draw conclusions as to how it happened or whether Mrs. Tabony was negligent.
Expert testimony is to be weighed by the trier of fact in the same manner as other evidence. The weight of opinion testimony is determined by the professional qualifications and experience of the expert and the findings upon which his opinion is based. Middle Tennessee Council, Inc., Boy Scouts of America v. Ford, 274 So.2d 173 (La.1973); Necaise, Inc. v. Vicknair, 391 So.2d 1347 (La.App. 4th Cir. 1980); Guidry v. Davis, 382 So.2d 250 (La.App. 3rd Cir. 1980).
The trial court chose to believe Mrs. Tabony’s version of the accident, concluding in its written reasons for judgment that Mrs. Tabony did not see the deceased until he suddenly appeared in her lane. While there may have been some conflict between the testimony of Mrs. Tabony and the expert witnesses, we find that the trial court was not clearly wrong in finding Mrs. Tabo-ny free of any negligence. Thus, in conformity with the standard of appellate review announced in Arceneaux v. Domingue, 365 So.2d 1330 (La.1979), the judgment of the trial court will not be disturbed.
For the foregoing reasons, the judgment of the trial court in favor of defendants, Susan B. Tabony, Bernard W. Tabony, and Gulf Insurance Company, and against plaintiff, Mrs. Romaine C. Pellerin, dismissing plaintiff’s suit, is hereby affirmed. All costs, both at trial and on appeal, are to be paid by plaintiff, Mrs. Romaine C. Pellerin.
AFFIRMED.