TILFORD PEGRAM *v.* MINERVA F. NEWMAN ET AL.

1. DEED. *Description.*
    Where there are sufficient descriptive words in a deed to properly identify the subject-matter conveyed, improper and superfluous words will be rejected.

2. SAME. *Case in judgment.*
    Lots of land described in deeds offered in evidence by the defendant in ejectment, were "33, 34, 47 and 48, in square 15 in Vick's enlargement in Vicksburg," whereas the property sued for consisted of lots of the same numbers in square 14 in Vick's enlargement. The lots in Vick's enlargement (as offered to be proved) were numbered con-

secutively from 1 to 70, without regard to squares, so that there could be only one lot of the same number therein. *Held*, that the error in the square did not vitiate the description, and that the deeds were admissible in evidence.

3. EVIDENCE.  *Order of proof.  Practice.*
A defendant in ejectment may introduce his testimony in his own order.

ERROR to the Circuit Court of Warren County.

Hon. GEORGE F. BROWN, Judge.

This was ejectment by Minerva F. Newman and another, heirs-at-law of Eugene Newman, to recover lots 33, 34, 47 and 48, in square 14 in Vick's enlargement of Vicksburg, in possession of which their ancestor died in 1852. After the plaintiffs had rested, the defendant, Tilford Pegram, having proved an agreement between Eliza A. Newman, the widow of Eugene Newman, and himself, to make him title, and that she put him in possession, offered a quitclaim deed to himself from her, dated Nov. 21, 1857, conveying lots 33, 34, 47 and 48, in square 15 in Vick's enlargement of Vicksburg, and a deed to him from Eliza A. Newman, as guardian of the plaintiffs, of the same date, containing the same description, and, with the deeds, offered the evidence mentioned in the opinion. The plaintiffs objected, on the ground of the variance from the property sued for in the description of the square, and the want of any proof of authority in Mrs. Newman to execute a deed as guardian, and the evidence was excluded. The defendant excepted, and from a judgment for the plaintiffs brought up the case.

*M. Marshall*, for the plaintiff in error.

1. The particular description of the lots being correct in the deed, the mistake in the square did not vitiate it. It was offered to be proved that the square, in fact, was unimportant, forming no part of the description necessary to identify the land. 1 Greenl. Evid. (Redfield's ed.) §§ 287, 288, 301, *passim; Doe* v. *Jackson*, 1 S. & M. 494; *Dixon* v. *Cook*, 47 Miss. 223; *Brown* v. *Guice*, 46 Miss. 302; *Foute* v. *Fairman*, 48 Miss. 536.

2. The defendant could control the order of introducing his evidence. *Hanna* v. *Renfro*, 32 Miss. 125; *Davany* v. *Koon*, 45 Miss. 71.

3. In considering the competency of the proof offered, the court assumes that the facts offered to be proved are true. *McLemore* v. *Hawkins*, 46 Miss. 715.

*Buck & Clark*, for the defendants in error.

1. The description of the lots in the deeds was fatally defective, and the parol evidence, if available in equity, was not in this suit.

2. The quitclaim deed from Mrs. Newman conveyed only such interest as she had; and, under her agreement with him, Pegram held possession in subordination to the legal title of the heirs.

3. There is no evidence that Eliza A. Newman ever was the guardian of the defendants in error, nor that the Probate Court ever ordered the sale of this land. The agreement would indicate a private sale. The records of the court are the only competent proof of the appointment and qualification of the guardian, and decree for the sale of the land.

CHALMERS, J., delivered the opinion of the court.

The deeds were improperly excluded. In them the premises were described as "lots 33, 34, 47 and 48, in square 15 in Vick's enlargement of Vicksburg," whereas the property sued for consisted of lots of the same numbers in square 14 in Vick's enlargement. On account of this variance the deeds were excluded. But it was shown, or offered to be shown, both by parol and by official maps, that the lots in Vick's enlargement were numbered consecutively from 1 to 70, without regard to the subdivision into squares, and that, as there could be only one lot of the same number therein, the addition of the square was unnecessary. This being so, the error in the number of the square was immaterial, and could not vitiate the otherwise perfect description. *Falsa demonstratio non nocet, cum de corpore constat* is the maxim; and the doctrine deducible from it is, that, where there are sufficient descriptive words to properly identify the subject-matter of the conveyance, improper and superfluous words will be rejected. The test must always be, whether, after the rejection of the erroneous description, enough remains to properly identify the thing conveyed or referred to. 1 Greenl. Evid. § 301.

Of course the admission of the deed from the guardian will not avail the defendant below, unless he shows that there was competent authority to execute it. This, we understand from the bill of exceptions, he proposed to do after the admission of the deeds themselves. He had the right to introduce his testimony in his own order.

*Judgment reversed and cause remanded.*