PARSONS, d.b.a. LAND INVESTMENT COMPANY *v.* MARSHALL

No. 42251 April 16, 1962 139 So. 2d 833

*Howie, Howie & Montgomery, Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellant.

*White, Buntin & Martin,* Gulfport, for appellee.

RODGERS, J.

This is an appeal from the Chancery Court of Harrison County, Mississippi, from a decree entered therein cancelling two tax deeds as a cloud upon appellee's title to certain lots in the City of Gulfport, Mississippi.

Mrs. May R. Marshall, the appellee, an adult citizen of Eastland, Texas, filed her original bill of complaint against Taylor Parsons, defendant in the court below. She alleges in her bill that she is the owner in possession of the land described in the bill; that her agent

made inquiry at the sheriff's office in an effort to pay the 1955 State and County taxes but that he was advised by the sheriff that the tax had been paid and that the original tax receipt was not in the receipt book. The bill alleges that the agent had the funds with which to pay the taxes. The original tax receipt was later taped into the tax book and the sheriff thereafter proceeded to advertise and sell the two lots of land belonging to the appellee for the 1955 unpaid State and County ad valorem taxes, and that said sale was made on September 19, 1956. The bill further alleges that two deeds purporting to convey the land described in the bill were made by the chancery clerk to the Land Investment Company, the alleged purchaser at the tax sale. Copies of these deeds are filed with the original bill. The bill charges that the grantee in the alleged tax deed, to-wit the Land Investment Company, was not a legal entity, but is a trade name used by one Taylor Parsons, the appellant here, and charges that the deeds were void, and constitute a cloud upon the complainant's title. The bill alleges that the complainant made an offer to pay the defendant Taylor Parsons all moneys expended by him for the taxes, plus interest.

The defendant answered the bill and neither admitted nor denied that the complainant through her agent went to the sheriff's office for the purpose of paying the 1955 tax and neither admitted nor denied that the tax receipt was not in the book but was later taped in the book. Defendant admitted that the sheriff sold the land for taxes in September 1956 to the Land Investment Company at tax sales Nos. 501, 502. There was an agreed amendment to a part of the answer so as to change the first sentence of one of the paragraphs in the answer wherein it was alleged that the defendant neither admitted nor denied that during the month of September 1956, complainant through her agent had checked upon the state and county ad valorem taxes so

as to knock out the words "neither admitted nor" and leave the word "denied." This amendment was okayed by the attorneys on the margin of the answer, but the last part of the paragraph wherein it was said that the defendant neither admits nor denies that the agent for the attorney was advised by the sheriff's office that the 1955 state and county taxes were paid was not amended.

The defendant's answer admitted that the Land Investment Company was not incorporated under the laws of the State of Mississippi and that it was a trade name used by the defendant Taylor Parsons, who bought land, and alleges he had done so for many years under this trade name.

When the case was called for hearing by the judge and after the witnesses had been duly sworn, the attorney for the complainant made a motion for judgment on the pleadings and admissions in the answer. This motion was based upon two propositions. First, the defendant neither admitted nor denied that an agent of appellant had made an effort to pay the 1955 State and County ad valorem tax and was advised that the tax had been paid; and that such action of the agent of the complainant was "a legal and valid tender". Second, the grantee in the alleged deed was "not a person in being or a corporation." The attorney for appellant then made a motion requesting the court's permission to amend that part of the answer referred to in Paragraph Four, which states, "and neither admits nor denies that complainant's agent then proceeded to the office of the sheriff" by deleting the words "and neither admits nor denies" and insert the word "denies". The court would not permit this amendment. The defendant Taylor Parsons then offered evidence on the motion, in which he admitted that the name Land Investment Company was a trade name, but stated that he had intended to deny Paragraph Four because he had found out that the

land had been sold to the City for 1955 taxes in the year 1956. He admitted that the defendant had paid all the taxes since the sale on the property except for one year after maturity. Appellant testified on cross-examination that he had asked appellee $850 for a quit-claim deed to the property. The attorney for complainant then tendered into court the amount of taxes and interest paid by appellant on the property of appellee.

The court would not permit the amendment offered by appellant and entered judgment on the admissions in pleadings upon the premise that the taxpayer had timely attempted to pay the taxes due on the property to the sheriff and had done all that appellee could do and was reasonably required of her and that the taxpayer's effort to pay the taxes due was a legal tender to the sheriff. A decree was then entered in favor of the complainant, Mrs. May R. Marshall, cancelling the tax sales Nos. 501 and 502 and the chancery clerk's conveyances issued by the chancery clerk to the Land Investment Company conveying the property described in the original bill. The court further required that the complainant pay into the court the sum of $374.50, tax paid by appellant, together with $37.54 interest.

The appellant charges on appeal that the court committed reversible error in refusing to grant defendant Taylor Parsons the right to amend his answer.

The argument advanced by appellant on appeal is that the amendment to the answer was agreed to by counsel for the complainant and defendant and duly initialed by counsel representing the parties, and that it was intended that the entire paragraph be amended so as to strike the words "neither admits nor denies" and use the language "denies" only.

Judge Griffith in his text, Mississippi Chancery Practice, 2d Ed., Sec. 395, pp. 383-384, says, with reference to the statutes on amendment, that "It will be observed that up to the time the defendant has actually made

defense the complainant may amend as of course and without leave, and it is held that although the defendant delay his defense the right to amend without leave continues until defense is made. After defense made amendments can be made only by leave of the court, although no notice to the opposite party of the application to amend is necessary, the remedy of the opposite party being by demurrer to the amendment when made, — or by motion to strike it out, when the case is such that there are other grounds of objection to it than those shown on the face of the amendment, but it will be observed that notice of the amendment when allowed and made must be given the opposite party, and the rule of promptitude in giving this notice applies with strictness."

Judge Griffith also points out in Sec. 393, pp. 379-380 "Such are the specific limitations on the privilege of amendments. The privilege is liberally conserved when by mistake, accident and other excusable cause consistent with honesty, fairness and a reasonable diligence, it is necessary to render the pleadings or proceedings more nearly perfect or complete, — not to make a new case, not to license inexcusable neglect or unfairness, but to accomplish the ends of a true and righteous justice. The questions are: Was the applicant honestly mistaken and has he been proceeding with a fair degree of diligence, and may the allowance be made without substantially affecting in an injurious manner that which is or has become a real right of the opposite party? So varied are the circumstances under which these considerations are presented, so much of them belong to what may be termed the atmosphere of things rather than to the mere words of a record, that necessarily the determination therein must be left to a very large extent to the judicial discretion of the trial court, — a discretion so large that it was formerly held not to be reviewable, but which under the later

and better rule is considered as reviewable where there is a manifest abuse of a sound discretion.''

It is obvious, therefore, that unless the chancellor has abused his discretion with reference to the amendment, the case should not be reversed because of the refusal of the court to permit the amendment to the pleading. See 41 Am. Jur., Pleading, Sec. 293, p. 491.

██ █ The evidence introduced by appellant in the trial court to the effect that the property described in the pleadings had been sold by the City of Gulfport ''to an individual'' in 1956 for 1955 taxes, and that defendant testified he had intended to amend the answer to deny that complainant was the owner would not aid appellant here because, First, complainant could have bought the property at the city tax sale, and, Second, we have pointed out in the case of Love, et al. v. Barron, 197 Miss. 231, 20 So. 2d 97, that in a case brought to cancel a tax patent, the defendant could not raise the defense that one link in complainant's title was voidable.

██ █ Where it is made to appear that an amendment, if made, would be of no benefit to the party seeking it, the trial court will not be reversed for refusing to permit such an amendment. See 41 Am. Jur., Pleadings, Sec. 294, p. 492.

The next assignment of error charges that the learned chancellor was mistaken in entering a judgment and decree adjudging that the tax sale was wholly void and cancelling same as a cloud on the complainant's title.

In the case of Reed v. Reed, 98 Miss. 350, 53 So. 691, this Court held a tax deed was void because no grantee was named in the deed, and pointed out that a deed in blank does not pass title or interest. The Court said: ''The blank intended for the grantee was never filled, and until filled the deed had no operation as a conveyance.'' In the case of Bowers v. Andrews, 52 Miss. 596, the Court said: ''The deed of a tax collector, who sells

in invitum, by virtue of power conferred by law, must in itself be sufficient to convey the thing sold. The deed cannot be reformed, so as to help out a defective description.''

The general rule shown in 16 Am. Jur., Deeds, Sec. 68, p. 478, is in the following language: ''In order that an instrument may be operative as a deed conveying title to, or interest or estate in, land, the grantee named in the deed must be a person, natural or artificial, in existence at the time of conveyance and capable of taking title. A deed granting an immediate estate to a person not in esse is inoperative to transfer the legal estate. * * *,''

''Under the rule of law that a grantee capable of taking title is necessary to the validity of a deed, it has uniformly been held that a deed to a fictitious grantee, or which names as grantee a person who has no existence, is inoperative and void. A like rule has been applied to a conveyance to one who is dead at the time of the execution of the deed. However, a deed to an existing person as grantee who is described by a fictitious or assumed name is valid.

The same textwriter points out in Sec. 78 the following: ''The rule that a deed which names as grantee a fictitious person is void is based upon the physical nonexistence of the grantee named, and care must be taken to distinguish between a deed to a fictitious person who has no existence and to a person in existence who is described by a fictitious or an assumed name. If a living or legal person is identifiable as the grantee named in the deed, the deed is valid. * * * In other words, if a living or legal person is intended as the grantee and identifiable, the deed is valid however he may be named in the deed.''

██ The rule that, where an instrument purporting to be a deed and which has no grantee named therein, in esse, a person in being, or corporation, is void, is so

well-established in Mississippi that it is no longer doubt-ful. See Morgan, et al. v. Collins School House, et al., 160 Miss. 321, 133 So. 675; Morgan v. Hazlehurst Lodge, et al., 53 Miss. 665; Wilson v. Gerard, 213 Miss. 177, 56 So. 2d 471; Life Insurance Company of Virginia v. Page, et al., 178 Miss. 287, 172 So. 873; Morgan, et ux v. Collins School, et al., 157 Miss. 295, 127 So. 565. See also Morris, et al. v. State, 4 So. 629 (Ala. 1888); 85 C. J. S., Taxation, Sec. 929, p. 386; Ann. Cas. 1913A, p. 1195; Anno. 84 Am. St. Rep. 238.

██ ██ The appellant claims, however, that although the tax deeds had no grantee named therein, Taylor Parsons paid out his own funds for the purchase of the land which was attempted to be deeded to Land In-vestment Company, a trade name — and although this trade name was unable to take title as grantee, it did render the deed effective to pass equitable title so as to place the property in trust in the hands of the gran-tee for the use and benefit of Taylor Parsons as a re-sulting trust.

The fallacy in this argument is that the tax sale in this case was void and the title did not pass from the landowner. The textwriter in 51 Am. Jur., Taxa-tion, Sec. 1135, p. 978, points out that ''the purchaser at a tax sale buys strictly under the rule of caveat emptor. In the absence of any statutory provision to the contrary, there is no warranty on the part of the state, or other public body making the sale and if the purchaser's title proves defective for want of compli-ance with the law in proceedings leading up to the sale or in the conduct of the sale, he has no affirmative remedy other than that which is provided by statute. If he fails to secure a good title to the property he at-tempts to purchase, because of the invalidity of the tax sale, he cannot recover the amount paid therefor, either from the taxing authorities or from the owner of the land, unless some statute in terms provides such remedy.

\* \* \* Moreover, it is to be noted that when the landowner himself seeks equitable relief against an alleged invalid tax sale, he is ordinarily to be granted such relief upon condition that he reimburse the tax sale purchaser for his expenditure.''

In the case of The President and Selectmen of Natchez v. William J. Minor, et al., 9 S & M. 544, where a deed is made to an unincorporated company and was void for uncertainity but where a trustee was named as grantee, the uncertainty was moved and the deed was said to be valid, and the trust could be enforced. Judge Sharkey points out that a deed for the use of stockholders made to a trustee would be enforced as a trust and said: ''\* \* \* there must be a grantor and a grantee named, who is capable of taking. The naming of Stephen Duncan as trustee obviated the difficulty, as will be seen by the language of the Court in the case of Jackson v. Corry, 8 John 301.'' The foregoing case is a typical example of a resulting trust, but it will be observed that there is a named grantee, in being. We are therefore of the opinion that appellant did not acquire an equitable title growing out of the void tax sale to a trade name, nor did the void sale establish a resulting trust in favor of the appellant.

The next assignment of error presented by appellant alleges that the trial court committed reversible error by failing to dismiss the bill of complaint. It is said that appellee had no right to maintain the action because the title to the property is in the Chancery Clerk, C. J. Darby, under the provisions of Sec. 1324, Miss. Code 1942, Rec. It is pointed out that this section only permits the ''real owner'' to bring a suit to remove clouds upon a title.

We have concluded, as set out above, that the title did not pass to the alleged grantee, nor did it pass to the chancery clerk. The general rule as expressed by the textwriter in 41 Am. Jur., Taxation, Sec. 1069, p.

930, on this subject, is as follows: "The general rule is that when the owner of land applies in good faith to the proper officers for the purpose of paying taxes on the land, but payment is prevented by the erroneous statement of the officers that such taxes have already been paid or that none are due, or by other mistake or fault on his part, the attempt to pay is deemed the legal equivalent of payment, so far as to discharge the tax lien and as far as the sale of land for nonpayment of taxes; a tax deed based upon a subsequent sale would not pass title." See also 21 A. L. R. 2d 1307.

 █ This Court has pointed out that a property owner is entitled to have a void tax deed set aside as a cloud upon the owner's title. See Smith, et al. v. Anderson, et al., 193 Miss. 161, 8 So. 2d 251.

We are therefore of the opinion that the chancellor did not commit reversible error in entering a decree in favor of appellee, May R. Marshall. The judgment of the lower court will therefore be affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, McElroy* and *Jones, JJ.,* concur.