549 So.2d 1341 (1989)
I.A. GARRAWAY, Charles Garraway, and Evelyn Garraway Hamilton
v.
Marion YONCE, Oscar Mixon, Jr., Joe Stancil, Lynn Lowe, and Byron Underwood, Members of the Board of Education for Perry County, Mississippi.
No. 07-58808.
Supreme Court of Mississippi.
October 11, 1989.
Bobby Garraway, Lumberton, for appellants.
Wayne Hynum and Thomas J. Riley, Hattiesburg, for appellees.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice for the Court:

I.
Today's appellants seek to renounce a conveyance of land their ancestors made to public school trustees over fifty years ago. They assert a variety of imagined defects in the instrument of conveyance, none of which have merit. The Chancery Court upheld the conveyance. We affirm.

II.
On or about November 12, 1935, I.A. Garraway and Mrs. I.A. Garraway executed a warranty deed conveying to "The Trustees of Oak Grove Consolidated High School and their Successors," a parcel of land described as the NW 1/4 of the SW 1/4 of Section 19, Township 1 North, Range 10 West, Perry County, Mississippi. The deed was delivered, has been lodged of record, and on its face reflects an absolute conveyance, for valid consideration, with no reversionary clauses. The records of the Perry County Schools show that at the time of this conveyance the Trustees of the Oak Grove Consolidated High School were W.A. Hegwood, Forrest Cochran, Arthur Breland, H.I. Breland, and Charlie Herring.
Shortly thereafter, the Trustees built a public school on the property and named it the "Janice School". The Trustees and their successors operated the Janice School *1342 from approximately 1936 until the school was finally closed in August of 1964, as a part of a school consolidation program.
By this time the Perry County Board of Education had succeeded to all rights, responsibilities and interests of the former Trustees of Oak Grove Consolidated High School. The county school board continued to claim ownership of the subject real property and exercised numerous acts of ownership with respect to it, including using the property to raise revenues for the school system by renting the property to various groups, cutting and selling of timber, leasing the property to the United States government, and selling various appurtenances to the property.
Both grantors are now deceased. On August 10, 1984, Grantors' heirs, I.A. Garraway, Charles Garraway and Evelyn Garraway Hamilton commenced this civil action by filing their complaint in the Chancery Court of Perry County, Mississippi. The complaint named as defendants the five members of the Perry County Board of Education. In their complaint, the Garraways sought to have the 1935 warranty deed declared null and void, to have the property returned to them, and other relief.
On November 6, 1987, the School Board moved for summary judgment and on November 24, 1987, the Chancery Court granted the motion, holding, inter alia, that the warranty deed at issue
was, and is, valid in all respects, and further that said warranty deed did not contain any reverter clauses, conditions subsequent, conditions precedent, or any other language that would cause title to said real property to revert to the heirs of I.A. Garraway.
The Court further found
that the Perry County Board of Education is the successor in interest to the Trustees of the Oak Grove Consolidated High School, and therefore holds the title conveyed in the above mentioned warranty deed.
From this judgment, the Garraways prosecute the present appeal.

III.
The Trustees of the Oak Grove Consolidated High School were appointed to operate an agricultural high school pursuant to Miss.Code, Art. 16, §§ 6674, et seq. (1930). Miss.Code § 6676 (1930) empowered the trustees to "have control of the property ... of the school and ... to do all things necessary to the successful operation of the school." Miss.Code § 6688 (1930) empowered the trustees "to sell and dispose of lands, buildings, and other property belonging to such school, ..." There can be no question but that these Trustees were authorized to acquire and hold real property. See also Miss. Code Ann. § 37-7-301(aa) (Supp. 1989).
The point more seriously pressed by the Garraways is that the 1935 warranty deed is invalid because no legal person is named as grantee. In the first place, the Trustees of the Oak Grove Consolidated High School were indeed a corporate body politic separate and distinct from the county. Miss.Code § 6676 (1930); Ayres v. Board of Trustees of Leake County Agricultural High School, 134 Miss. 363, 370-71, 98 So. 847, 848-49 (1924). In any event, the conveyance is effective because all our law requires is that the grantee be described in such terms that by reference to objective evidence otherwise available, his identity may be ascertained with reasonable certainty. For example, in Parsons v. Marshall, 243 Miss. 719, 139 So.2d 833 (1962), the Court recognized the legal effectiveness of a deed conveying to a living person who was described by a fictitious or assumed name. If a living or legal person is identifiable as the grantee in the deed, the instrument operates to vest title in the grantee however that person may be named in the deed. Frierson Building Supply Co. v. Pritchard, 253 Miss. 541, 552, 176 So.2d 301, 305 (1965) is to like effect. In that case the conveyance was to "Pritchard Investment Fund." Though the surnames and given names of the partners of Pitchard Investment Fund were not included in the instruments, the names could be made reasonably certain by reference to other objective evidence. See also Schumpert *1343 v. Dillard, Pinson & Co., 55 Miss. 348, 359-61 (1877).
Whatever doubts concerning the point there may have been in cases such as Casey v. Valentour, 218 So.2d 863 (Miss. 1969) are not present here. There are minutes before the Court reflecting that in the year 1935 the Trustees of the Oak Grove Consolidated High School were W.A. Hegwood, Forrest Cochran, Arthur Breland, H.I. Breland and Charlie Herring. Similarly it is established beyond peradventure that the successors in interest of those trustees are the five members of the Perry County Board of Education, to-wit: Marion Yonce, Oscar Mixon, Jr., Joe Stancil, Lynn Lowe and Byron Underwood. The Court below so found and the Garraways make no challenge here to that finding.
The Garraways' reliance upon Morgan v. Collins School House, 160 Miss. 321, 133 So. 675 (1931) is misplaced. The grantee in the deed in Morgan was Collins Graveyard and Collins School House. Neither a graveyard nor a school house is a living, identifiable person. The Court quite correctly held the instrument of conveyance void for want of an identifiable grantee in esse. Ivey v. Geisler, 213 Miss. 212, 56 So.2d 501 (1952) is similarly unpersuasive. The deed in Ivey named as grantees "Church and Trustees" without identifying any particular church or group of trustees.
Beyond all of this, the Garraways argue that the warranty deed of November 12, 1935, "was a mere license for the use of the land so long as the land was used for school purposes." The point is specious. The deed executed by the Garraways recites valuable considerations and then provides
we hereby bargain, sell, convey and warrant to the Trustees of Oak Grove Consolidated High School and their successors the following described lands... .
The wording of the deed may only connote a conveyance absolute and where this is the case, grantors' children will not be heard some fifty years later to say that grantors' intent was something entirely different from what is expressed in plain and simple legalese in the recorded instrument of conveyance. Miss. Code Ann. §§ 89-1-1, 89-1-3, 89-1-29, 89-1-33, 89-1-41, 89-1-47 (1972). And the same for the Garraways' suggestion that we imply a reversionary clause.
The Garraways complain further that the conveyance was made for purposes of enabling the Trustees to build and operate an agricultural high school. They say the Janice School was not such a school. The quick answer is that no language in the warranty deed places this limitation on the school board's use of the property. The point is without merit.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, ANDERSON, PITTMAN and BLASS, JJ., concur.
SULLIVAN, J., not participating.