IN THE SUPREME COURT OF MISSISSIPPI

NO. 2008-CT-02067-SCT

*J. CLIFFORD HARRISON AS TRUSTEE
("HARRISON") AND REGIONS BANK f/k/a
AMSOUTH BANK AND SUCCESSOR IN
INTEREST TO DEPOSIT GUARANTY NATIONAL
BANK ("BANK")*

*v.*

*MISSISSIPPI TRANSPORTATION COMMISSION*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/23/2008 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | WEBSTER COUNTY SPECIAL COURT OF EMINENT DOMAIN |
| ATTORNEYS FOR APPELLANTS: | JON J. MIMS |
| | JEFFREY D. RAWLINGS |
| ATTORNEYS FOR APPELLEE: | JAMES T. METZ |
| | ALAN M. PURDIE |
| | BETTY RUTH FOX |
| | JOSHUA D. FREEMAN |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE WEBSTER COUNTY SPECIAL COURT OF EMINENT DOMAIN IS REVERSED AND REMANDED - 03/03/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

LAMAR, JUSTICE, FOR THE COURT:

¶1. In this eminent-domain case, the Mississippi Transportation Commission (MTC) deposited money with the trial court to take title to 1.45 acres of property under quick-take provisions. But a jury determined that the property was worth less than the amount of the deposit. The court subsequently entered personal judgment against the landowners, mortgagee, and trustee for the difference. At issue is whether the mortgagee and trustee are liable for reimbursing MTC for the difference. We find that they are not liable under the plain language of the statute governing such reimbursements.

## Facts & Procedural History

¶2. On October 20, 1998, MTC filed a complaint for eminent-domain proceedings to acquire 1.45 acres of a fifty-acre parcel of property in Webster County, Mississippi, to expand a portion of U.S. Highway 82. It named the owner of the property, Sherry Mann, as well as the mortgagee, Deposit Guaranty National Bank,[1] and trustee, J. Clifford Harrison, as defendants.[2] It also filed a statement of values, in which its appraiser valued the property at $14,450. This amount was deposited with the court.

¶3. In compliance with quick-take provisions,[3] the court appointed an independent appraiser, who valued the property at $57,400. The trial court entered an order granting MTC the right of immediate title and possession upon MTC's deposit of the difference

---

[1]Regions Bank is the successor in interest to Deposit Guaranty National Bank.

[2]With leave of the court, MTC filed an amended complaint under quick-take provisions (Miss. Code Ann. §§ 11-27-81 to -91 (Rev. 2004)) and added Peggy and Wayne Mann (Sherry Mann's parents) after discovering that Sherry had conveyed the property to her mother.

[3]Miss. Code Ann. § 11-27-83 (Rev. 2004).

between $14,450 and $57,400. MTC complied with the order and deposited with the circuit clerk a total of $57,400.

¶4.     The court then ordered that the $57,400 be released to the "defendants," and the circuit clerk issued a check in that amount payable to "Sherry Belinda Mann A/K/A, Ben F. Hilburn, Jr., Atty., Deposit Guaranty National Bank, Beneficiary, J.L. Clifford Harrison, Trustee."[4] The clerk's docket shows that the check was "handed to" Ben Hilburn, Sherry's attorney. Hilburn and Sherry endorsed the check, and Sherry presented it to the Bank to satisfy the lien on the property.[5]

¶5.     A jury trial to determine the value of the property was not held until June 17, 2008, ten years after the original complaint had been filed. The record shows that counsel for the Bank and Trustee did not attend the trial. The jury returned a verdict of $14,450 in favor of the defendants. And in its judgment, the trial court ordered that *all* defendants must pay the difference between the withdrawn deposit of $57,400 and the jury award of $14,450.

¶6.     Upon notice of the judgment, the Bank and Trustee filed a motion to amend judgment or alternatively for relief from judgment under Mississippi Rules of Civil Procedure 59(e) and 60(b)(6). The Bank and Trustee argued that they should not be responsible for paying the difference, when they were not "party to the withdrawal of the funds" from the court. They argued that the judgment should be amended to remove them as judgment debtors. In

---

[4]Peggy and Wayne Mann had not been named defendants at this point.

[5]Under Hilburn and Sherry's signatures is a stamp with the following: "Deposit Guaranty National Bank, Post Office Drawer 919, Eupora, Mississippi 39744-0919." And below the stamp is an illegible signature and notation: "Personal Banker, the funds were applied to ILS # 9500312557." The Bank and Trustee admitted in their supplemental certiorari brief that Sherry had used the deposit to pay off her lien with the Bank.

3

response, MTC argued that the Bank and Trustee were named on the check; that they had failed to file notice that their lien on the property had been satisfied; and that they were never dismissed as parties to the action.

¶7. The court denied the motion and found that the Bank and Trustee were proper parties to the action, who chose not to appear and defend their interests. The court also found that the Bank and Trustee were in fact parties to the withdrawal of funds, as evidenced by the endorsement on the back of the check.

¶8. The Bank and Trustee appealed the court's denial of the motion, and this Court assigned the case to the Court of Appeals. The Court of Appeals reversed the trial court and found that it had abused its discretion in finding that the Bank and Trustee were parties to the withdrawal of funds.[6] The Court of Appeals further found:

> Due to the considerable delay between the time funds were disbursed and the time of trial, we find it prejudicial and inequitable for the trial court to hold that the Appellants failed to appear and defend their interests. Their interests were dissolved at the moment Sherry's loan was extinguished. They were not on notice that they would be liable to the MTC under the quick-take provisions because they had no reason to believe they were still an "owner" of the property.[7]

While we agree with the outcome reached by the Court of Appeals, we do so under different reasoning.

---

[6]*Harrison v. MTC*, 2010 WL 610655, \*4 (Miss. Ct. App. Feb. 23, 2010).

[7]*Id.* at \*5.

4

**Discussion**

¶9.     We review a denial of a Rule 59[8] or Rule 60[9] motion under an abuse-of-discretion standard.

¶10.    At issue is whether the Bank and Trustee should be liable for the difference between the amount deposited in the court and the amount of compensation finally determined. MTC deposited the money in accord with Mississippi Code Section 11-27-85, which provides in relevant part:

> Upon entry of [court] order, the plaintiff may deposit not less than eighty-five percent (85%) of the amount of the compensation and damages as determined by the appraiser with the clerk of court, and upon so doing, the plaintiff shall be granted title to the property . . . and shall have the right to immediate entry to said property. The *defendant, or defendants*, shall be entitled to receive the amount so paid to the clerk of the court, *which shall be disbursed as their interest may appear*, pursuant to order of the court.[10]

Here, the court's order did not specify that the clerk was to disburse the deposit according to each defendant's respective interest. The court simply ordered the clerk to disburse the funds to the "defendants." So the clerk made the check payable to all the defendants without specifying whether the defendants were to be paid jointly or alternatively.[11] Sherry, through

---

[8]***Brooks v. Roberts***, 882 So. 2d 229, 233 (Miss. 2004).

[9]***Briney v. U.S. Fid. & Guar. Co.***, 714 So. 2d 962, 966 (Miss. 1998).

[10]Miss. Code Ann. § 11-27-85(2) (Rev. 2004) (emphasis added).

[11]*See* Mississippi Code Section 75-3-110(d) which provides in relevant part that "[i]f an instrument payable to two (2) or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively." Miss. Code Ann. § 75-3-110(d) (Rev. 2008).

5

her attorney, obtained the check from the clerk, endorsed it, and deposited it at the bank, applying the funds to the lien on the property.

¶11.  While Section 11-27-85 provides that the funds can be disbursed to the "defendant, or defendants," Mississippi Code Section 11-27-87 addresses who is to pay the difference in the event the deposit is greater than the judgment.  Section 11-27-87 provides in relevant part that:

> If the plaintiff takes title to and possession of the land condemned pursuant to the order of the court and the amount of the compensation as determined upon final disposition of the case is less than the amount of the deposit, the plaintiff shall be entitled to a personal judgment against the *owner* for the amount of the difference.[12]

This statute expressly provides that the plaintiff's [MTC] sole remedy is a personal judgment against only the *owner*, not the mortgagee and trustee.[13]  While the eminent-domain statutes do not define "owner," we find that this term is commonly understood to refer to the landowner–the one in actual possession of the property, not the mortgagee and trustee.  This understanding is also supported by the language of Mississippi Code Section 11-27-5, which provides that, "[a]ny person or corporation having the right to condemn private property for public use shall file a complaint . . . and shall make *all the owners* of the affected property involved, *and any mortgagee, trustee or other person* having any interest thereon or lien thereon a defendant thereto."[14]  Under this statute, the Legislature clearly distinguished "owner" from "mortgagee" and "trustee."  The Legislature easily could have included

---

[12]Miss. Code Ann. § 11-27-87 (Rev. 2004).

[13]*Id.*

[14]Miss. Code Ann. 11-27-5 (Rev. 2004).

mortgagee and/or trustee in the reimbursement provision of Section 11-27-87 but did not. The statute is clear and unambiguous, and we find further analysis unnecessary. The express intent of the Legislature is that it is the landowner who is liable to MTC when the verdict is less than the deposit withdrawn. Therefore, we find the trial court abused its discretion in holding the Bank and Trustee personally liable for the difference.

**Conclusion**

¶12.    The trial court abused its discretion in denying the motion to amend judgment. We affirm the Court of Appeals and reverse the trial court and remand the case with orders to the trial court to amend its judgment to remove Regions Bank and J. Clifford Harrison as judgment debtors, as Mississippi Code Section 11-27-87 provides for personal judgment only against the owner of the property.

¶13.    **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE WEBSTER COUNTY SPECIAL COURT OF EMINENT DOMAIN IS REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**

7