# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00980-COA

**FLORENCE YOUNG AND ALTON PIERCE**                 **APPELLANTS**

**v.**

**RANDALL C. MARTIN**                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2023 |
| TRIAL JUDGE: | HON. CARTER O. BISE |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | EDWARD GIBSON |
| ATTORNEY FOR APPELLEE: | LEWIE G. "SKIP" NEGROTTO IV |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 12/10/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., LAWRENCE AND McCARTY, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Randall Martin filed a complaint to quiet and confirm a tax title to George Givens's property Martin bought at a 2017 Hancock County tax sale. The clerk entered a default judgment in January 2020. Almost one year later, in January 2021, Florence Young and Alton Pierce, as the unknown heirs to George Givens, filed a motion to set aside the default judgment. The chancery court ultimately held the motion was untimely and denied their motion to set aside the judgment that placed title in Randall Martin. Aggrieved, Young and Pierce appeal, arguing that because their motion "challenged the judgment as void . . . [it] could be raised within a reasonable time." They also argue that they should have received notice of the tax sale and lawsuit to quiet title due to a deed from 1927. After review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2.     In 1927, Anna Henley conveyed Lot 378, a piece of property in Hancock County, to Rowena Givens.  Rowena and her husband Charles constructed a home on the property and lived there throughout their lives.  The couple had ten children, four of whom died before Rowena.[1]  In 1969, a deed was executed and signed by Rowena and her six living and remaining heirs[2] conveying Lot 378 to "George Givens, Trustee."[3]  In July 1981, Rowena died.  In 2005, Hurricane Katrina impacted the area and destroyed the home, leaving only "a porch, steps, and a fence[.]"  According to the record, no one lived on the property after the hurricane.

¶3.     On August 31, 2017, Randall Martin purchased the property at a tax sale after the 2016 taxes on the property were not paid.  After the two-year redemption period expired, Martin was granted a deed for the property on October 28, 2019.  On November 27, 2019, Martin filed a complaint to quiet and confirm title of the property.[4]  The 1969 conveyance to "George Givens, Trustee" was included as an exhibit.  Martin's complaint listed the

---

[1] Those children were Joseph Givens, Clifton Givens, Charles "Boo" Givens, and Lilly Givens.

[2] Specifically, the 1969 deed was signed by Rowena Givens, Issac Givens, Ernest Givens, Robert Givens, George Givens, Liza Young, and Alice Singleton.

[3] No trust document was attached to the deed or ever recorded as filed.  Further, no trust document was ever found or admitted into evidence in this litigation.  Consequently, the terms of the trust are unknown.

[4] The property was specifically described as: 3RD WARD 378 BAY ST LOUIS V-1-421 SEC 00 TWP 00 RANGE 00 PARCEL#: 149N-0-30-020.000 DIST: 1050 CITY: 1 SCHOOL: 1 PPIN# 000009482.

following individuals as defendants in the case:

> George Givens; all unknown heirs of George Givens; George Givens, as trustee; Anna M. Henley; all unknown heirs of Anna M. Henley; Hancock County, Mississippi; Joel Smith, in his capacity as District Attorney for Hancock County, Mississippi; Jim Hood, in his capacity as Attorney General for the State of Mississippi; and all other persons, firms and corporations having or claiming any legal or equitable interest in the within described land.

Summons were issued for each party with the exception of "George Givens, as trustee." Notice was also provided by publication in a "paper of record" on December 4, December 11, and December 18, 2019. Summonses for George Givens and Anna Henley were returned unexecuted.

¶4. On January 24, 2020, Martin filed a motion for default judgment and a final judgment. He attached a supporting affidavit from Lewis Negrotto, the plaintiff's attorney, certifying that the proper parties were notified and that the parties Martin requested a default against did not answer or defend the complaint. On the same day, the clerk filed an entry of default against "George Givens; all unknown heirs of George Givens; George Givens, as trustee; Anna Henley; all unknown heirs of Anna Henley; and all other parties with legal or equitable interest in the property." On January 30, 2020, the court entered a final judgment confirming and quieting Martin's title and interest in the property, declaring him "the sole owner in fee simple" of Lot 378.

¶5. Almost a year later, on January 7, 2021, Florence Young and Alton Pierce filed a motion to set aside the final judgment. Young lived at 212 Citizen Street, next door to Lot 378—also known as 215 Citizen Street—and identified herself as the daughter of the deceased Liza Young, one of the children of Rowena Givens. Pierce identified himself as

3

the spouse[5] of Carolyn Pierce—another daughter of Liza Young. Young asserted that she did not become aware of Martin's interest in the property until she saw him placing a "for sale" sign "in front of [her] grandmother's house." Of note, Young and Pierce contended that the court lacked jurisdiction in the case "for want of judicial notice."

¶6. On March 4, 2022, Martin filed a response to the motion to set aside the judgment and filed an additional motion for a more definite statement or, alternatively, to dismiss the motion to set aside the judgment. That same day, Young and Pierce filed a notice of intent to introduce public record evidence.

¶7. On March 8, 2022, a hearing was held on the motion to set aside the judgment.[6] Counsel for Young and Pierce first called process server Pamela R. Cuevas to testify. She stated that she was given a summons in a confirmation suit for George Givens at 215 Citizen Street in Bay St. Louis, Mississippi. The summons was entered into evidence. Cuevas testified that she had designated the form as "unable to serve" because there was "[n]o home on [the] property," and it was instead a "[v]acant lot."[7]

¶8. Young and Pierce then called Audrey Harris, who was the daughter of Liza Young and the granddaughter of Rowena Givens. Harris testified that Lot 378 had the street address

---

[5] Pierce explained that the usufruct that existed between him and Carolyn, his wife, entitled him to the property.

[6] Martin originally filed a notice on December 27, 2021, of a hearing to take place on January 26, 2022. On January 6, 2022, Martin re-noticed the hearing for March 8, 2022. On March 4, 2022, Martin filed a notice for a hearing on his motion for a more definite statement to also occur on March 8.

[7] According to the record, the lot was left vacant after Hurricane Katrina in 2005.

4

of 215 Citizen Street and that the property belonged to her grandmother, Rowena Givens. She testified that Rowena owned the property "before it was the trust deed" to Harris's uncle, George Givens. Through her testimony, the court was presented with a "family tree" detailing the children and grandchildren borne from Charles and Rowena Givens. As discussed *supra*, the couple had ten children but only six were alive at the time of the 1969 conveyance—Issac Givens, Ernest Givens, Robert Givens, George Givens, Liza Young, and Alice Singleton. The 1969 warranty deed was admitted into evidence indicating Rowena and her living children transferred their interest to "George Givens, Trustee[.]" Harris testified that her mother, Liza Young, was intended to benefit from that conveyance to George Givens as trustee because she was his sibling.

¶9. Florence Young also testified. During her testimony, her counsel introduced a letter dated June 19, 2007, from a law firm in Gulfport, Mississippi, that Young hired to assist her in constructing a house on Lot 378. The letter concerned "[a] copy of the latest deed of record" for August 1969, which Rowena and her living children transferred "to George Givens, Trustee." The letter stated specifically that "the following family members signed a deed in August 1969 [and] conveyed their right in [Lot 378] to George Givens, as Trustee[,]" listing Rowena Givens, Isaac Givens, Ernest Givens, Robert Givens, George Givens, Liza Young, and Alice Givens. The letter was only one page and, as the judge noted, incomplete.[8] Further, there was no identification of the trust or beneficiary of the trust for which George Given was trustee. The judge allowed the letter to be marked for identification

---

[8] The judge stated for the record that "[i]t is not a complete letter. It is a Page 1 of a - - I would assume at least a two-page letter. But it is not complete."

only. A document showing taxes that Young had paid on the property as redemption in 2012 was also introduced into evidence. Young testified that until she observed Martin placing the sign on the property, she was under the impression that her family still owned it. Following questioning, Young stated she believed it was 2020 when she saw Martin on the property for the first time.

¶10. On cross-examination, Young agreed that she did not pay taxes on the property from 2016 to 2020 and did not inquire about the property at the courthouse during that time. She also agreed that there was no copy of any document which evidenced her mother, Liza Young, was a beneficiary of the trust. Young also testified that the property was "historic" because the home built on it was constructed during the Depression by her grandparents, and her family had owned it since that time. It was later destroyed by Hurricane Katrina. Young also agreed that she had redeemed taxes in 2011 after they were sold to Martin.

¶11. Alton Pierce was then called to testify. He stated that he had paid taxes on the subject property in 2013. He also testified about a document showing blueprints of the neighborhood Lot 378 was a part of—the release from the tax sale—and the document was admitted into evidence. On cross-examination, Pierce stated that he was not aware of any deed to the property giving him or his wife ownership or designating his wife as a beneficiary of the trust. Finally, Harris was recalled to the stand to proffer testimony that the beneficiaries of the trust were "the children of Rowena Givens and Charles." At the conclusion of the hearing, the court requested supplemental pleadings from Young and Pierce.[9]

---

[9] The court set an initial deadline of March 18, 2022. On March 14, 2022, Young and Pierce filed a motion to extend the deadline for supplemental pleadings. The court

¶12. On March 25, 2022, Young and Pierce filed their supplemental motion to set aside the judgment with the following exhibits attached: (1) the March 24, 2022 judgment granting Young probate of Rowena's estate, (2) a 2006 judgment determining the heirs of Eliza Young, (3) title deraignment of 215 Citizen Street, (4) section index of Lot 378, (5) the 1927 deed conveying the property to Rowena from Anna Henley, (6) the 1969 conveyance from the Givens siblings to George Givens, trustee, (7) a historical statute regarding trusts, and (8) the 2017 conveyance of the land sold for taxes.

¶13. On February 24, 2023, the estate of Rowena Givens filed a motion for intervention of right in the cause. That same day, George Givens submitted a second supplemental motion to set aside the final judgment. On February 28, 2023, Young and Pierce filed a response to the supplemental motion. The court held another hearing on the motion to set aside the judgment on March 6, 2023. Counsel for Young and Pierce presented their findings, stating that there was a conveyance to the land for George Givens as trustee, but there was "no written trust agreement attached to that document," meaning the deed was a "nullity." Additionally, counsel argued that the chancery court clerk failed to conduct a search in due diligence for persons with interest in the property to provide notice of the tax sale and redemption period.

¶14. On March 21, 2023, the court denied Young and Pierce's motion to set aside the judgment due to its untimeliness. Specifically, the court noted the motion to set aside was filed 342 days after the default judgment was entered rather than "within six months, much

granted the motion.

7

less, within a reasonable time[.]" On March 31, 2023, Young and Pierce filed a motion to alter or amend the order, again challenging the court's jurisdiction and asserting its initial motion to set aside the judgment was timely. In addition, Young and Pierce alleged that the chancery court lacked jurisdiction because Martin did not sign the initial petition to quiet title.

¶15.    On June 1, 2023, Young and Pierce noticed a hearing on the motion to amend to be held on July 11, 2023. Martin filed a response in opposition to the motion on July 6, 2023, including his own affidavit detailing the sale and explaining that he had given his attorney permission to sign the sworn complaint filed at the outset of the cause. The court held a hearing on July 11, 2023, where counsel for Young and Pierce argued that because they challenged the jurisdiction of the court, the motion should not have been denied based on untimeliness. On August 17, 2023, the court entered an order denying Young and Pierce's Rule 59 motion. On August 31, 2023, Young and Pierce appealed.

## STANDARD OF REVIEW

¶16.    Young and Pierce assert that because they "raise issues of substantive and procedural due process" and challenge the jurisdiction of the chancery court, the proper standard of review is de novo. This Court, however, reviews rulings on Rule 59 motions to alter or amend a judgment under an abuse-of-discretion standard. *Harrison v. Miss. Transp. Comm'n*, 57 So. 3d 622, 625 (¶9) (Miss. 2011) (citing *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004)).

## ANALYSIS

8

¶17. On appeal, Young and Pierce argue that the chancery court lacked jurisdiction because the initial complaint to quiet title was not personally sworn to by Martin, as required by Mississippi Code Annotated section 11-17-1 (Rev. 2019). Further, they contend their initial motion to set aside the default judgment was not untimely because subject matter jurisdiction may be raised at any time. Additionally, they allege that the court lacked jurisdiction for failure to provide notice to the proper parties of the tax sale. In support of that argument, they contend that the 1969 conveyance of Lot 378 to "George Givens, Trustee" was a legal nullity, meaning that the 1927 deed was the correct deed. So, since that 1927 deed was the valid and operating deed, the heirs of Rowena Givens were the proper parties and were not given notice of the tax sale, the redemption period, or the resulting lawsuit.

## I. Sworn Complaint

¶18. Young and Pierce's first argument concerns the quiet title statute, which provides in relevant part:

> Any person holding or claiming under a tax title lands heretofore or hereafter sold for taxes, when the period of redemption has expired, **may proceed by sworn complaint in the chancery court to have such title confirmed and quieted**, and shall set forth in his complaint his claim under the tax sale, and the names and places of residence of all persons interested in the land, so far as known to plaintiff, or as he can ascertain by diligent inquiry.

Miss. Code Ann. § 11-17-1 (emphasis added). Young and Pierce assert that the court did not have jurisdiction over this case because Martin did not **personally** swear to the complaint to confirm and quiet title. Instead, his attorney signed it on his behalf.

¶19. The Appellants' argument is based largely upon *In re Will of Watkins*, 313 So. 3d 1092 (Miss. Ct. App. 2021), a case involving beneficiaries of a will. In that case, two

9

children of a decedent signed and swore to a petition to have their father's will probated. *Id.* at 1094 (¶8). However, a third child did not personally sign or swear to the complaint. The chancellor determined that the relevant statute, Miss. Code Ann. § 91-5-35,[10] did not require each petitioner's signature. *Id.* at 1094-95 (¶¶8-12). On appeal, this Court reversed because the statute explicitly stated that a petition be "signed and sworn to by all beneficiaries named in the will[.]" *Id.* at 1096 (¶16) (quoting Miss. Code Ann. § 91-5-35(1) (Rev. 2018)).

¶20. Young and Pierce's situation is distinguishable from *Watkins*. The statute before us in the instant case is less specific, requiring only that a party "proceed by sworn complaint in the chancery court." Miss. Code Ann. § 11-17-1. Martin filed a sworn complaint to quiet title in the chancery court; it was signed and sworn to by his attorney. He later provided an affidavit to specifically prove that fact. In *Watkins*, however, the relevant statute stated explicitly which parties were needed to sign a petition for probate: "all beneficiaries of the will[.]" *In re Will of Watkins*, 313 So. 3d at 1096 (¶16) (quoting Miss. Code Ann. § 91-5-35(1)). More importantly, "[i]n all cases where the oath or affirmation of the party is required, such oath or affirmation may be made by his agent or attorney, and **shall be as effectual for all purposes as if made by the party**." Miss. Code Ann. § 11-1-3 (Rev. 2019). So while Martin's complaint was not sworn to by him personally, that does not negate the fact that the complaint was sworn to by his attorney, whose signature is "as effectual for all purposes as if made" by Martin himself. Accordingly, this argument is without merit.

## II. Timeliness

---

[10] The statute has since been amended. 2020 Miss. Laws ch. 343, § 2 (S.B. 2850).

¶21. Rule 60 of the Mississippi Rules of Civil Procedure provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:

> (1) fraud, misrepresentation, or other misconduct of an adverse party; (2) accident or mistake; (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the judgment.

M.R.C.P. 60(b)(1)-(6). The rule further provides that a motion for such relief "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken." *Id.* Young and Pierce contend that their motion to set aside the judgment was not untimely because their argument concerned the "subject matter jurisdiction" of the chancery court in the cause.

¶22. It is true that a challenge to subject matter jurisdiction "may be raised at any time." *B.A.D. v. Finnegan*, 82 So. 3d 608, 614 (¶23) (Miss. 2012) (citing *Burnette v. Hartford Underwriters Ins. Co.*, 770 So. 2d 948, 951 (¶7) (Miss. 2000)). The argument that Martin's complaint was unsworn, however, is not one of subject matter jurisdiction. The chancery court has subject matter jurisdiction over actions to quiet title and confirm tax title. *See Walters v. Gates*, 362 So. 3d 101, 104 (¶8) (Miss. Ct. App. 2023) (citing Miss. Const. art. 6, §§ 159-60) ("such a claim to confirm or quiet title should be brought in chancery court"); *see also* James W. Shelson, *Actions Involving Title to Lands*, § 44:6 (2024-2025 ed.) ("All cases involving title to real property are tried in chancery.").

¶23. Young and Pierce alternatively contend that even if subject matter jurisdiction existed,

11

their motion was made in a reasonable time. "[M]otions for relief under Rule 60(b) are generally addressed to the **sound discretion of the trial court** and appellate review is limited to **whether that discretion has been abused**." *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984) (emphasis added) (citing *Clark v. Burkle*, 570 F.2d 824 (8th Cir. 1978)). In other words, "we will not review the merits of the case." *Brackin v. Burton*, 755 So. 2d 462, 465 (¶15) (Miss. Ct. App. 1999) (citing *Stringfellow*, 451 So. 2d at 221). Likewise, whether a Rule 60(b) motion is made within a reasonable time is "a discretionary call for the chancellor to make—not this Court." *See Smith v. Doe*, 268 So. 3d 457, 462 (¶15) (Miss. 2018).

¶24. "Abuse of discretion is found when the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment and the conclusion it reached upon a weighing of the relevant factors." *McCord v. Healthcare Recoveries Inc.*, 960 So. 2d 399, 405 (¶13) (Miss. 2007) (quoting *Ill. Cent. R.R. v. McDaniel*, 951 So. 2d 523, 526 (¶7) (Miss. 2006)). The fact that 342 days passed between the date of the chancellor's default judgment and the motion to set aside that judgment being filed lends itself to the conclusion that there was no abuse of discretion on the chancellor's part. The decision is certainly not "a clear error of judgment[.]" *See id.* Based upon the record before us, this Court can find no abuse of discretion.

### III. Validity of 1969 Conveyance

¶25. Young and Martin argue that notice of the tax sale was legally insufficient.[11] Young

---

[11] *See* Miss. Code Ann. § 11-17-1 (Rev. 2019); Miss. Code Ann. § 27-43-1 (Rev 2019).

and Martin additionally argue that had the clerk done a "diligent search of the records," it would have shown "that the [d]eed purporting to convey title to George Givens, Trustee is a nullity." As the argument goes, if the 1969 deed to "George Givens, Trustee" was invalid, as Young and Martin claim, notice should have been given to Rowena Givens's heirs at law instead of George Givens's heirs.

¶26. A different yet instructive issue arose in a case addressed by the Mississippi Supreme Court. In *Parsons v. Marshall*, 243 Miss. 719, 139 So. 2d 833 (1962), the supreme court was presented with a case where the holder of tax deeds appealed because his deeds were cancelled following a lawsuit from the property owner. The tax conveyance at issue was made by the chancery clerk "to Land Investment Company[,]" the tax purchaser. *Id.* at 837. The landowner argued that the conveyance was void because Land Investment Company "was not a legal entity" and was instead a "trade name" the appellant used. *Id.* On appeal, the supreme court agreed, stating:

> Under the rule of law that a **grantee capable of taking title is necessary to the validity of a deed,** it has uniformly been held that a deed to a fictitious grantee, or which names as **grantee a person who has no existence, is inoperative and void.** A like rule has been applied to a conveyance to one who is dead at the time of the execution of the deed. However, a deed to an existing person as grantee who is described by a fictitious or assumed name is valid. . . . The rule that a deed which names as grantee a fictitious person is void is based upon the physical nonexistence of the grantee named, and care must be taken to distinguish between a deed to a fictitious person who has no existence and to a **person in existence who is described by a fictitious or an assumed name**. **If a living or legal person is identifiable as the grantee named in the deed, the deed is valid.** . . . In other words, if a living or legal person is intended as the grantee and identifiable, the deed is valid **however he may be named in the deed**.

*Id.* (emphasis added) (internal quotation marks omitted). This caselaw proves instructive to

13

the instant case. Although a trust did not exist per se, "George Givens, Trustee" is not a fictitious person. "George Givens, Trustee" was not a trade name or an alias. Instead, George Givens was a living person at the time of the conveyance and was identifiable. However, there was nothing to prove George Givens was ever a trustee to a valid existing trust. Under the logic pronounced in *Parsons*, George Givens was a valid grantee, and the word trustee does not make the deed defective.

¶27. The supreme court also addressed the issue again in *Garraway v. Yonce*, 549 So. 2d 1341 (Miss. 1989). The *Garraway* case involved a 1935 warranty deed in which the Garraways (grantors) conveyed a parcel of land to "The Trustees of Oak Grove Consolidated High School and their Successors[.]" *Id.* at 1341. In 1984, heirs of the deceased grantors filed a complaint against the subsequent successors, the Perry County Board of Education, to have the previous deed declared "null and void" and to have the property returned to them. *Id.* at 1342. The chancery court granted summary judgment against the hopeful heirs because "the warranty deed at issue was, and is, valid in all respects" and contained nothing relating to a reverter or condition precedent. *Id.* Additionally, the chancery court held that the Perry County Board of Education was "the successor in interest to the Trustees of the Oak Grove Consolidated High School" and was rightfully entitled to the property. *Id.* The grantor's heirs appealed and argued that the deed was invalid "because no legal person is named as grantee." *Id.* The supreme court disagreed, stating that "the conveyance is effective because all our law requires is that the grantee be described in such terms that by reference to objective evidence otherwise available, his identity may be ascertained with reasonable

14

certainty." *Id.*; *see also Pegram v. Newman*, 54 Miss. 612, 614 (1877).[12]

¶28.    Further, Mississippi law requires that "[n]o trust of or in any real property can be created except by a written instrument." Miss. Code Ann. § 91-8-407(b)(1). That statute also requires that "[e]very writing declaring or creating a trust in real property" be "filed for record with the clerk of the chancery court in which the real property, or part of it, is located." *Id.* That did not happen in this case, and no trust documents have been found or admitted into evidence. No one testified as to the terms of the trust, as to any actions required of the trustee by the terms of the trust, or as to whom the beneficiaries of such trust were. Accordingly, we find that while the conveyance did not create a trust,[13] it was certainly

---

[12]   While not on point but similar reasoning used in a problematic description of the land conveyed case, the Mississippi Supreme Court stated:

> *Falsa demonstratio non nocet, cum de corpore constat* is the maxim; and the doctrine deducible from it is, that, where there are sufficient descriptive words to properly identify the subject-matter of the conveyance, improper and superfluous words will be rejected. The test must always be, whether, after the rejection of the erroneous description, enough remains to properly identify the thing conveyed or referred to.

*Pegram*, 54 Miss. at 614. The literal meaning of the Latin phrase, *Falsa demonstratio non nocet, cum de corpore constat*, is a false description does not void a document, as long as the intent is clear.

[13]   Creating a trust requires the following:

- The creator must have capacity to create the trust or, if created under power of attorney, must have had capacity to create the power of attorney;
- The creator must indicate an intention to create the trust;
- With limited exceptions, the trust must have a definite beneficiary which can be ascertained now or in the future;
- The trustee must have duties to perform; and
- The same person is not the sole trustee and sole beneficiary (i.e.,

15

not void within the confines of Mississippi law. "If a living or legal person is intended as the grantee and identifiable, the deed is valid **however he may be named in the deed**." *Parsons*, 139 So. 2d at 837. The presence of George Givens's name in the 1969 deed, though followed by the word "trustee," is sufficient for this Court to find the conveyance valid.

¶29. This Court also finds persuasive a case from the Georgia Supreme Court, *Brenner v. Wright*, 194 S.E. 553 (Ga. 1937). In that case, a deed was conveyed to one "Alexander P. Wright, Trustee." However, the court held that where a grantee in a deed "was described as 'Alexander P. Wright, Trustee,' no trust being declared and no beneficiary being named, the word 'trustee' is mere surplusage, and the [grantee] took the title for his own use." *Id.* at 556 (citing *Andrews v. Atlanta Real Est. Co.*, 18 S.E. 548, 549 (Ga. 1893) (where grantees were named as trustees but no trust was created, "[t]he better and safer construction is to hold that the word "trustees," wherever it occurs in the deed, is mere surplusage, and ought to be rejected in reading the conveyance and adjudicating on its legal effect")). In the case before this Court, the term "trustee" added after George Givens's name in the deed appears to be of the same nature. "Trustee" is "mere surplusage" here and, consequently, conveyed the property to George Givens individually. In summary, the 1969 deed passed title from the heirs of Rowena Givens, all of which signed the deed, to George Givens individually.

---

including both lifetime and contingent beneficiary).

8 Jeffrey Jackson et al., *Encyclopedia of Mississippi Law* § 73:9 (2d ed. updated Oct. 2024) (citing Miss. Code Ann. § 91-8-402 (Rev. 2014)). Here, the only real evidence we have of a trust being created is the singular word "trustee" in a deed. This is simply insufficient to prove a trust was created.

Consequently, this Court finds no abuse of discretion in the chancellor's decision that the proper parties were notified of the tax sale.

## CONCLUSION

¶30. Following a thorough review of the record on appeal and keeping in mind that the denial of Young and Pierce's Rule 60(b) motion was a discretionary ruling for the chancellor to make, we affirm the chancellor's ruling.

¶31. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**